# Singer Manufacturing Co. *v.* Belgart.

*Action of Détinue for a Horse.*

1. *Sale by bailee.*—An agent of a corporation engaged in the business of manufacturing and selling sewing machines, having hired a horse

[Singer Manufacturing Co. v. Belgart.]

from his principal to be used in his business and to be returned at the expiration of the term of hiring, has no authority to sell or exchange the animal, even to a *bona fide* purchaser.

2. *Ratification of unauthorized act.*—An unauthorized sale, exchange, or other act of an agent, may be ratified by his principal, having full knowledge of all the facts; and where the principal is a private corporation, which can only act through agents, knowledge by its special agent, within the scope of his authorized duties, is sufficient to charge the corporation as principal with notice.

3. *Declaration of agent as proving notice.*—The horse sued for having been obtained by defendant from plaintiff's bailee, who had no authority to make the sale or exchange, the declaration of plaintiff's special agent to defendant "that he had made a good trade," is competent evidence on the question of ratification, as showing knowledge of the facts by said agent.

APPEAL from Lowndes Circuit Court.

Tried before Hon. JAS. W. LAPSLEY.

This was an action of detinue brought by the appellant, The Singer Manufacturing Company against the appellee, L. Belgart, for the recovery of a gray mare.

It was shown on the trial that the plaintiff originally owned the gray mare sued for in this action; that the plaintiff made a contract of employment with one Golson, and by written instrument leased and rented the horse sued for to the said Golson for the purpose of enabling him to sell the machines of the company, which he had agreed to do in the contract of employment. In this written lease or rental contract, there was no authority given the said Golson to sell or otherwise dispose of the said gray mare, but he expressly covenanted to return the said mare at the expiration of the lease. It was further shown that the said Golson exchanged or swapped the said gray mare for one "brown bay horse" to the defendant, who was at the time of the commencement of the suit in possession of the said gray mare; and that the defendant made the exchange in good faith. The opinion states the tendency of the testimony to prove the agency of the said Wynn, and the ratification of the company through their said agent Wynn of the exchange of horses by the said Golson and the defendant. The defendant proved that the "said Wynn had stated to the defendant that he, Belgart, had made a good trade in swapping the brown horse for the gray mare." The plaintiff objected to the admission of this declaration of Wynn, and excepted to the court's overruling their objection.

The plaintiff asked the court to give the following charges, and duly excepted to the court's refusal to give them:

1. "The fact that L. D. Golson was in possession of the

horse at the time of the exchange with the defendant, is only *prima facie* evidence of title in said Golson, and can not protect the defendant from a recovery by the true owner of the legal title; and if the jury believe that the Singer Manufacturing Company, at the time of the exchange of horses by said Golson and the defendant, held the legal title, then the said company is entitled to recover even though the defendant is an innocent purchaser."

2. "If the jury believe from the evidence, that the Singer Manufacturing Company only leased the horse to L. D. Golson, and that the defendant obtained said horse from said Golson, and claimed under said Golson, then the Singer Manufacturing Company is entitled to recover, even though the defendant be an innocent purchaser."

3. "That Wynn is not shown to have been an agent of the company with power to ratify an unauthorized trade of the horse."

4. "That if the jury believe the evidence, the plaintiff is entitled to recover the horse sued for."

WATTS & SON, for appellant.

WILLIAMSON & WILLIAMS, *contra*.

SOMERVILLE, J.—The written agreement between the plaintiff corporation and Golson, bearing date in June, 1885, was clearly a mere letting for hire, or bailment of the horse in controversy, and nothing more. It conferred on the bailee no authority whatever to sell or exchange the animal, or otherwise dispose of it, even to a *bona fide* purchaser who was ignorant of his vendor's want of title.—*Medlin v. Wilkinson*, 81 Ala. 147.

If this had been the only controlling inquiry in the cause, the refusal of the first and second charges requested by the plaintiff would have been error. But these charges were erroneous in excluding from the consideration of the jury all inquiry as to the alleged ratification by the plaintiff of the exchange of horses made by Golson. If there was such ratification, made with a full knowledge by the plaintiff of all the material facts of the case, this qualifying fact would debar any recovery on plaintiff's part, and would be a waiver of Golson's original want of authority to make the trade in question.

The question of ratification was one which, under the

[Singer Manufacturing Co. v. Belgart.]

facts of the case, should have been submitted to the jury. The evidence tends to show that the plaintiff corporation had in its employment one Wynn who had authority, in the language of the bill, of exceptions, " to check up and show the condition of the local agents, and to ascertain and report what property of the company such agents had in their possession." It is not disputed that Wynn knew that the animal here sued for, (being the same let for hire to Golson) had been by him exchanged for a certain brown bay mare. It was certainly competent for the jury to decide, if it be not, indeed, an inference of law, that the plaintiff was charged with a knowledge of the status of this property by reason of the knowledge of their special agent on the subject. Corporations can act only through agents, and the knowledge of any fact imputed to such agent, within the scope of his authorized duties, is notice to the corporation as principal.

Did the plaintiff ratify the exchange? The evidence tends to show that it did, by assuming dominion over the brown bay horse, and selling it for the alleged purpose of paying livery charges for keeping it. The jury were authorized to infer a ratification from this fact, coupled with the knowledge of the agent, Wynn, as to the status of the horse, which, we repeat, was the knowledge of the plaintiff, if the jury were satisfied as to the scope of the agency being such as to impute it.

On this point, the declaration made by Wynn to the defendant, that the latter had made a good trade, was relevant to show that the special attention of the declarant had been called to the fact that the exchange had been made. It tended to prove the principal's knowledge of this fact by proving the knowledge of the agent on the subject.

The third charge was misleading in its tendency and was properly refused. The jury were liable to construe it as asserting the non-existence of Wynn's agency, for any purpose affecting the question of ratification, as well as a denial of his authority to ratify.

We discover no error in any of the rulings of the court, and the judgment must be affirmed.