# Holloway & Gilchrist v. Robert Harper.

1. *Charge of court; erroneous when it ignores a material issue.*—A charge which authorizes or requires a verdict for one party, upon a finding in his favor, upon one or more issues, when there is another issue which, if found for the other party entitled him to a verdict, is manifestly erroneous.

2. *Ratification; Effect of.*—The ratification of an act is equivalent in law to an original authorization thereof.

3. *Motion for a new trial; great weight given to decision of trial judge.* A trial judge has superior advantages in supervising verdicts, and it does not follow that he erred in refusing to grant a motion for a new trial on the ground that the verdict was contrary to the evidence, simply because more witnesses testified in favor of the movant, than against him.

[Holloway & Gilchrist v. Robert Harper.]

APPEAL from the Circuit Court of Geneva.

Tried before Hon. J. M. CARMICHAEL.

This was a suit by Robert Harper to recover from Holloway & Gilchrist, merchants in Geneva, Alabama, a sum of money deposited by plaintiff with defendants for safe keeping. At the time of making the deposit the defendants issued to plaintiff a receipt in the following words, "Nov. 27 1889. Received from R. Harper on deposit one thousand & nine dollars." Upon the receipt there was subsequently indorsed the words, "Paid on the within $441.30."

The defendants J. D. Holloway and D. W. Gilchrist each testified in their own behalf, substantially as follows : that at the time the deposit was made one J. B. Harper a clerk in their store, and a brother of the plaintiff, stated to the defendants that the money belonged to him, but that in order to avoid garnishments he wished the money deposited in the name of plaintiff; that this conversation was in easy hearing distance of plaintiff, who did not deny any of said statements. The testimony of both defendants further tended to show that both prior and subsequent to the making of said deposit, plaintiff had told them that John Harper was his agent and whatever he did would be all right. They further testified that sometime after said deposit was made John Harper asked them to pay plaintiff $441.30, which they did and credited it on said receipt. That shortly afterwards John Harper told them to change the credit for the balance due, from plaintiff's account to his own—which they did. Defendants never demanded the surrender by plaintiff of the certificate of deposit. The balance of the deposit was afterwards paid in cash to John Harper.

John Harper, a witness for the defendants corroborated their testimony, and stated further that the money deposited was actually the property of witness; that plaintiff was largely indebted to witness. That after said money had been actually paid to witness by defendants he informed plaintiff of the exact state of affairs, and plaintiff then said all right—we will straighten out the matter between us. Hendrick, the bookkeeper of defendants then testified in their behalf. His testimony tended to show that John Harper was the agent of plaintiff, and that plaintiff was indebted to John Harper.

The plaintiff, in rebuttal, testified in his own behalf.

[Holloway & Gilchrist v. Robert Harper.]

He denied each and every statement of defendants' witnesses which tended to show that he had ever authorized John Harper to draw said money, or ever ratified his act in drawing it; he denied that the money belonged to John Harper, or that he was in debt to John Harper, or that he ever heard any conversation in which John Harper ever claimed any interest in said money. He further testified that he went to Geneva several times to get his money but was always met by his brother who asked him to wait, because defendants at that time were hard up; that he finally told his brother that he must have $441.30 as he owed his sister and she needed it; that thereupon his brother consulted with defendants and that sum was paid to him.

At the request of the plaintiff the court gave the following written charge, "The burden of proof is upon the defendants to show that John Harper had authority to demand and receive the money from Holloway & Gilchrist, and if the evidence is equally balanced upon this proposition, then the jury should find for the plaintiff, if they believe the money was Bob Harper's at the time it was deposited." To the giving of this charge defendants excepted. There was a verdict for the plaintiff. On a subsequent day the defendants moved for a new trial on the ground "that the verdict of the jury was contrary to the evidence." The court denied the motion and the defendants excepted. The bill of exceptions purports to set out all the evidence.

M. E. MILLIGAN, for appellants.

P. W. HICKMAN, for appellee.

HEAD, J.—There was a verdict for the plaintiff, and the defendants moved for a new trial upon the ground that the verdict was contrary to the evidence. The testimony upon each of the issues of fact was in sharp and irreconcilable conflict. The presiding judge approved the verdict; and in view of the superior advantages he has over us, in supervising verdicts, based upon conflicting evidence, we cannot say that he erred in denying the motion, simply because more witnesses testified in favor of the defendants', than in favor of the plaintiffs' theory. Weighing evidence does not consist merely in counting witnesses.

[Holloway & Gilchrist v. Robert Harper.]

The only other assignment of error is based upon the giving of an instruction to the jury at the instance of the plaintiff. That charge required the return of a verdict for the plaintiff, if the evidence was equally balanced on the question of John Harper's authority to demand and receive the money from the defendants, provided the money belonged to the plaintiff, at the time it was deposited. John Harper, to whom the defendants had paid the money deposited in the name of his brother, the plaintiff, testified that he informed the plaintiff of the payment, and that the latter not only did not object, but expressly assented thereto, by saying it was all right, and they would straighten the matter between themselves. This, if true, constituted a complete ratification of the payment to John Harper, thereby making it as efficacious to discharge the defendants, as if the person to whom the money had been paid had been duly authorized in advance to receive it. It is true the plaintiff contradicted the witness on this point, but this raised an issue of fact for the jury, the credibility of the witnesses being for their sole determination. The charge given entirely ignored this feature of the case and required a verdict for the plaintiff, in the event of certain other findings, without reference to what the jury might believe upon the question of ratification.—*Singer Mfg. Co. v. Belgart*, 84 Ala. 519. The effect of the charge was to withdraw from the jury material and relevant testimony, which, if believed, entitled the defendants to a verdict, even though John Harper had no authority, as postulated in the charge, to demand and receive the money, which must be understood as relating to the time of the payment. A charge which authorizes or requires a verdict for one party, upon a finding in his favor, upon one or more issues, when there is another which, if found for the other party, entitled him to a verdict, is manifestly erroneous.—*Cobb v. Malone*, 86 Ala. 571.

Under the existing state of the evidence the charge ought to have been refused.

Reversed and remanded.