# Alabama Midland Railway Company v. Johnson.

*Action against Railroad Company by Passenger to recover Damages for Personal Injuries.*

1. *Contributory negligence as defense must be specially pleaded.*
   In an action to recover damages for personal injuries, contributory negligence on the part of the plaintiff, to be effective as a defense, must be specially pleaded, and is not available under the general issue; and in a case where such plea is not interposed and the case is tried upon the plea of the general

[Alabama Midland Railway Co. v. Johnson.]

issue simply, the want of care or diligence exercised by the plaintiff is not an issue in the cause, and can not be urged as a defense for the first time on appeal.

2. *Action by passenger against railroad company for personal injuries; failure of train to stop long enough for passenger to alight; general affirmative charge.*—In an action by a passenger against a railroad company to recover damages for personal injuries, where the negligence complained of is that the train upon which the plaintiff was riding did not stop at the station of his destination long enough for the plaintiff to alight, and the evidence as to whether the stop made by the defendant's train was sufficiently long for the plaintiff, by the use of care and diligence, to have alighted, is in conflict, the question of negligence on the part of the defendant is one to be determined by the jury; and, therefore, the general affirmative charge requested by the defendant is properly refused.

3. *Appeal; failure of appellant's counsel to insist upon assignments of error.*—On an appeal, where the appellant's counsel in his brief does not insist upon certain rulings of the trial court as being erroneous, and fails to discuss the assignments of error based upon such rulings, the appellate court will refuse to consider such rulings.

4. *Motion for a new trial; newly discovered evidence.*—Before a motion for a new trial can be granted upon the ground of newly discovered evidence, it must be shown that such evidence is material and competent, was not merely cumulative, and that due diligence had been used by the movant prior to the trial to ascertain all the evidence; and where the newly discovered evidence is not only cumulative but would have been incompetent to the issues tendered by the pleadings upon the trial, the motion is properly overruled.

5. *Same; when properly refused upon the ground that the verdict was contrary to the evidence.*—An order refusing a new trial upon the ground that the evidence was not sufficient to support the verdict, or that the verdict was contrary to the evidence, will not be reversed unless after allowing all reasonable presumption of its correctness, a preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust.

APPEAL from the Circuit Court of Henry.

Tried before the HON. J. W. FOSTER.

This was an action brought by the appellee against the Alabama Midland Railway Company, to recover damages for personal injuries alleged to have been sus-

[Alabama Midland Railway Co. v. Johnson.]

tained by plaintiff by reason of the negligence of the defendant.

The plaintiff claimed $2,000 damages, and it was averred in the complaint that the plaintiff was a passenger on one of the trains of the defendant; that when the train arrived at Ashford, the place of plaintiff's destination, an employe of the road called the station, and that as the plaintiff was in the act of getting off said train, after it had stopped, the train was violently jerked or pulled forward, thereby throwing the plaintiff from the train to the ground, breaking three of his ribs and causing other serious internal injuries; that plaintiff's injuries were caused by reason of the failure of the train to stop at said station a sufficient length of time to allow the plaintiff to alight therefrom by the exercise of due care and diligence, and that said violent jerking and pulling forward of the train was caused by the negligence of the defendant. The defendant pleaded only the general isue. The tendencies of the evidence, as shown on the trial of the case, are sufficiently shown in the opinion.

The defendant requested the court to give to the jury the general affirmative charge in its behalf, and duly excepted to the court's refusal to give said charge as asked.

The jury returned a verdict in favor of the plaintiff, assessing his damages at $400. Thereupon the defendant moved the court to set aside said verdict and to grant a new trial. There were eight seperate grounds assigned for the granting of this motion. Under the opinion on the present appeal it is not necessary to set out but two of these grounds, which are the 1st and 8th grounds, and are as follows: "1. Said verdict is contrary to the evidence." "8. On the further ground of newly discovered evidence in that defendant has discovered since the trial of this case that J. W. McIntyre, a reputable citizen, a merchant doing business in Ashford, Alabama, was on the depot platform when plaintiff was alleged to be injured, May 24, 1897, and saw the said train arrive and stop. That he, McIntyre, saw said plaintiff Johnson come out of the car, stop and talk to a man on the platform of the car until the train started, that after the train started and had gone from ten to fifteen feet, said

plaintiff Johnson who had hold of the guard of the steps, turned loose said guard or rail and fell or jumped off said train while in motion. That there was no jerk when said train started, but ordinary usual smooth start. That this evidence has just been discovered by defendant, in that defendant's attorneys or representatives were unaware of said witness's presence on said occasion until the notoriety incident to trial caused a discussion of said case and defendant first learned of knowledge of said witness. Defendant attempted to get the names of parties who were present on said 24th day of May, 1897, and summon them as witnesses but did not know said witness was present."

Upon the hearing of said motion the court introduced in support of the 8th ground the affidavit of one John McIntyre, in which affiant stated the facts substantially as set forth in the 8th ground of the motion for a new trial. The defendant also offered in support of said motion the affidavit of the division counsel of the defendant, in which said counsel stated facts showing his vigilance and diligence in discovering all the evidence relating to the case and his failure, until after the trial of the case, to have discovered what the witness McIntyre knew about the circumstances of plaintiff's injury as set forth in the affidavit.

Upon the hearing of this motion the court overruled it, and to this ruling the defendant duly excepted. Judgment was thereupon rendered in favor of the plaintiff, fixing his recovery at $400. The defendant appeals, and assigns as error the refusal of the court to give the charge requested by it, and the overruling of the motion for a new trial and the rendition of judgment for the plaintiff.

A. A. WILEY, for appellant.—The defendant was entitled to the general affirmative charge in this case.—*Bir. Un. R. Co. v. Smith*, 90 Ala. 63; *A. G. S. R. R. Co. v. Arnold*, 84 Ala. 170; *E. T. Va. & Ga. R. R. Co. v. Holmes*, 97 Ala. 337.

The motion for a new trial should have been granted upon the ground of newly discovered evidence.—*Rush v. State*, 61 Ala. 89; *A. G. S. R. R. Co. v. Powers*, 73 Ala.

244; *Western R. Co. v. Mutch,* 97 Ala. 194; *Davis v. Miller,* 109 Ala. 600; *Holloway v. Harper,* 108 Ala. 647; *Birmingham Elec. R. Co. v. Clay,* 108 Ala. 233.

ESPY & FARMER, *contra.*—The question of negligence in this case was one for the jury, and the general affirmative charge requested by the defendant was properly refused.—*M. & E. R. R. Co. v. Stewart,* 91 Ala. 421.

The motion for a new trial was properly overruled. The newly discovered evidence was not only cumulative, but would not have been competent if offered upon the trial.—*McLeod v. Shelby M. & I. Co.,* 108 Ala. 81.

TYSON, J.—It was the duty of the defendant's servants in charge of the train when it stopped at Ashford for the purpose of discharging and removing passengers, to have kept it stationary for a length of time which was reasonably sufficient to enable all passengers to get off and on by the exercise of due care and diligence.—*Montgomery & Eufaula Railroad Co. v. Stewart,* 91 Ala. 421; *Birmingham Union Railway Co. v. Smith,* 90 Ala. 60. As to whether the defendant's train from which the plaintiff was thrown by a sudden jerk in its starting or fell from the platform after the train began to move, without a jerk but smoothly, and as to how long it remained stationary, were disputed facts in the case. If the witnesses for plaintiff are to be believed, the stop was not sufficiently long by the use of care and diligence for him to have alighted. If the evidence introduced by the defendant is to be believed, the plaintiff by stopping on the platform to engage in a conversation, after the train had become stationary for the purposes of having passengers alight, consumed the time which was sufficient for him to have gotten off. Passengers cannot be permitted to delay trains, after being afforded a sufficient time to alight, to suit their own convenience or caprices, and then complain of injury resulting to their persons by falling in attempting to do so after it begins to move. They are bound to be diligent themselves after the train stops at the station in getting off and on it. However, in the case under consideration, as we have said, it was a question of fact for the jury to determine whether the

train remained ·stationary long enough to get off, and whether·in the·act óf getting off he was thrown from the steps of the car by a sudden jerk of the train in starting. There was no plea of contributory negligence filed by the defendant, but the cause was tried solely upon the plea of not guilty, and, therefore, the want of care or dili- gence exercised by the plaintiff was not an issue in the cause.. If the defendant had desired to raise this ques- tion it should have done so by proper plea, and· it cannot, for the first time, insist upon it in this court.—*Kansas City, Memphis & Birmingham R. R. Co. v. Crocker,* 95 Ala. 427; *McDonald v. Montgomery Street Railway,* 110 Ala. 161; *East Tenn. Va. & Ga. R'y Co. v. Holmes,* 97 Ala. 322; *S. & M. R. R. Co. v. Shearer,* 58 Ala. 672. There was no error in refusing the affirmative charge to the defendant.

The remaining assignment of error relates to the over- ruling by the court of the defendant's motion for a new trial. There were eight grounds alleged in this motion, but·only two of them are insisted upon in the brief of appellant's counsel; and we, therefore, must refuse to consider the other six. Doubtless. "it would have been tedious for them to pursue the discussion of these grounds, and we deem it unneccessary to go further than they did and decline to undertake what they seem to think useless."—*Williams v. Spragins, Buck & Co.,* 102 Ala. 424.·

The affidavit of McIntyre offered in support of the ground of the motion based upon newly discovered evi- dence, as to the length of time the·train stopped at Ash- ford, was merely cumulative to the evidence of witnesses Parker, Wood, Wiley, McIntyre (colored), Bruner and Johnson, examined by defendant upon the trial. As to the facts deposed to in his affidavit of how the·plaintiff received his injuries, they tended to establish the con- tributory negligence of the plaintiff in alighting from the moving train after it had gone a distance of ten or fifteen feet. This would not have been competent had it been offered for that purpose upon ·the trial under the issue tendered by the plea of the defendant. This ren- ders it unneccessary to consider the affidavit of the divis- ion counsel for the defendant. However vigilant he may have been, and doubtless was, to find out the facts inci- dent to the occurrence which resulted in the injuries

to the plaintiff complained of, and the names of the persons who witnessed it, this cannot affect the rule that governs the courts in passing upon motions for new trials predicated upon newly discovered evidence.—*McLeod v. Shelby Manufacturing & Imp. Co.*, 108 Ala. 81.

The other ground of the motion insisted upon is that the verdict of the jury was contrary to the evidence. After a careful examination of the evidence, and after according all reasonable presumption to the correctness of the verdict and judgment below, we are not willing to say that the preponderance of the evidence is so decidedly in favor of the defendant as to leave no substantial doubt that the verdict was wrong and unjust. And unless we can so hold, the verdict and judgment should not be disturbed.—*Cobb v. Malone & Collins*, 92 Ala. 630; *Davis v. Miller*, 109 Ala. 589; *Terst Sons & Co. v. O'Neal*, 108 Ala. 250; *Holloway & Gilchrist v. Harper*, 108 Ala. 647; *Anderson v. English & Webb*, 121 Ala. 272.

There was no error in refusing the motion for a new trial. The judgment must be affimed.

Affirmed.