134 So.2d 217

**PIONEER CREDIT COMPANY**

v.

**Jerry M. DOWNEY, pro. ami.**

**7 Div. 660.**

Court of Appeals of Alabama.

Oct. 31, 1961.

Beck & Beck, Fort Payne, for appellant.

**432**

Loma B. Beaty, Fort Payne, for appellee.

CATES, Judge.

Downey, a 19 year old bachelor,[1] purported to disaffirm an alleged purchase of a 1954 Buick car from Pioneer. Trial of an action for the amount of the alleged purchase price resulted in a verdict and judgment for $510.

The evidence for Downey given by himself and his father was to the effect that Pioneer had repossessed the car from Mr. David Stafford. Jerry Downey (the son) paid Stafford $50 to "release any claim he might have."

Downey then went to the Pioneer Credit Company which had the car on a lot behind its place of business in Fort Payne.

He paid the company $510 ($495 and $15 tow charge) and got a receipt as well as the keys.

On bringing the Buick back to Pioneer and asking for his money, young Downey was told that Pioneer had not received the money from him. Pioneer contended Downey had merely brought the $510 to it for Stafford.

The defense evidence tended to support the theory that Stafford was the seller.

No question under the Statute of Frauds, Code 1940, T. 57, § 10, is presented.

We consider there was sufficient evidence to submit the cause to the jury. Even one of Pioneer's employees admitted on cross-examination that the company had title to the car and "had taken it up under [Stafford's] failure to make the payments." This conflicting evidence was for a jury to resolve.

The trial court's denying the motion for new trial, one ground of which was that the verdict was against the great weight of the evidence, will not be disturbed on that point under the rule of Cobb v. Malone, 92 Ala. 630, 9 So. 738.

Appellate Rule 9 (Rev.Sup.Ct. 261 Ala. xix) provides (with respect to the make-up of an appellant's brief) in part as follows:

"* * * and if the insufficiency of the evidence to sustain the verdict * * is assigned, then the statement [Statement of the Facts] shall contain a condensed recital of the evidence given by each witness * * * bearing on the points in issue * * *." 261 Ala. xxi–xxiii.

Insufficiency raised below by motion for new trial seemingly falls within this requisite as much as does the refusal of the affirmative charge. Woodward Iron Co. v. Stringfellow, 271 Ala. 596, 126 So.2d 96.

---

1. Act No. 313, October 29, 1959 (1959 Acts, p. 891) puts man and wife, 18–21,

on equal footing at least as to the disability of nonage.

■ Pioneer's Statement of the Facts contains no reference to the testimony of Messrs. Durham and Burgess, employees of Pioneer, both of whom, on cross-examination, testified, inter alia, as to a conditional sales contract held by Pioneer. There were other omissions of testimony which we consider material to the issue. It follows that we must treat as waived assignments of error 2, 3, 4, 6, 11 (as to weight of evidence) 12, 13 and 14. Woodward Iron Co. v. Stringfellow, supra.

As to assignments of errors 8 and 9 (overruling demurrers to the original and amended complaints), it is argued that the positing of the same claim under four counts without connective allegations as to the claims arising from the same transaction is contrary to Code 1940, T. 7, § 220. This section relates to (a) the joinder of all actions ex delicto and (b) the joinder of those ex delicto with those ex contractu "arising out of the same transaction, or relating to the same subject-matter."

■ Count 1 claims $1,000 "damages" for the defendant's failure and refusal to return the $510 paid it by the plaintiff, and the other counts variously ask for $510 e. g., for money received by defendant for the use of the plaintiff, money had and received, and for failure to pay after disaffirmance with return of the car to defendant.

We consider all counts are ex contractu and their joinder is permissible within the influence of Code 1940, T. 7, § 219, rather than that of § 220.

Plaintiff requested and the court gave the following written charge:

"I charge you, Gentlemen of the Jury, that if you are reasonably satisfied from the evidence that the defendants owned the automobile in question and the Plaintiff as a minor, paid the money over to the defendants and avoided the contract, you must find the issues in favor of the Plaintiff."

■ In its argument of assignment of error 1, Pioneer asserts that it, at no time, had a contract with Downey. We consider the charge put to the jury the crucial issues, viz., "Are you reasonably satisfied (from the evidence) (1) that Pioneer owned the car, (2) that Downey, as a minor, paid Pioneer the money, and (3) that he avoided the contract?" While we might add the need for the minor's returning the car if possible—an undisputed point here—this charge was under the evidence here free of error. Its wording left it for the jury to find whether or not Downey and Pioneer had a contract for the buying and selling of the car.

■ Assignment of error 5 relates to the refusal of Pioneer's requested written charge 4. The refusal was proper because: (a) the charge assumes without evidentiary hypothesis that Downey made a contract with Stafford without mentioning a possible contract with Pioneer; and (b) the dangling clause "he was disaffirming (sic) his contract" is misleading. Moreover, the use of a word of art such as "rescission" without explaining its make-up is sufficient to permit a trial judge to refuse the request.

Under assignment of error 6, Pioneer argues that the general affirmative charge requested by it should have been given. From Batson v. Alexander City Bank, 179 Ala. 490, 60 So. 313, Railway Express Agency v. Luverne Bank & Trust Co., 241 Ala. 352, 2 So.2d 790, and Hall v. Hall, 241 Ala. 397, 2 So.2d 908, the appellant has formulated a proposition of law that, since money has "no earmark," possession vests title in its holder as far as third persons are concerned

■ The conflicting state of the evidence fails to make this proposition pertinent to the extent pressed. Whether Downey, in paying Pioneer, was principal or agent was a jury question. The burden of proving agency rests upon the party asserting the existence of the relationship. Bowman v. Watts, 38 Ala.App. 626, 91 So.2d 238.

Assignment of error 7 (refusal of Pioneer's charge 6) again assumes a contract between Stafford and Downey exclusive of one between Pioneer and Downey. This assumption was not warranted under the conflicting state of the evidence.

The judgment of the circuit court is due to be

Affirmed.