259 So.2d 829

**HODGES & COMPANY, Inc., a Corporation**

v.

**Mrs. Maybelle M. ALBRECHT.**

**7 Div. 902.**

Supreme Court of Alabama.

March 23, 1972.

Lusk, Swann, Burns & Stivender and George B. White, Jr., Gadsden, for appellant.

James W. Garrett, James W. Garrett, Jr., Montgomery, for appellee.

BLOODWORTH, Justice.

This is a suit for damages for personal injury brought by plaintiff as the result of a collision between an automobile in which plaintiff was a passenger and a truck driven by defendant Billy Jack Ray. In addition to Ray, plaintiff joined as defendants J. B. Scott and Hodges & Company, Inc., alleging that at the time of the collision Ray was acting as the agent, servant or employee of both Scott and Hodges.

Following completion of plaintiff's case, defendant Hodges requested the general affirmative charge with hypothesis on grounds that the evidence did not show defendant Ray to be its agent, servant or employee. The trial court refused to give this charge and the case was submitted to the jury on one count alleging simple negligence. The jury returned a verdict for the plaintiff against all three defendants for the sum of $15,000 and judgment was entered thereon. Defendant Hodges moved for a new trial on grounds, inter alia, that the verdict of the jury was not

**284**

sustained by the great preponderance of the evidence in that, under the evidence, Ray was not shown to be its agent, servant or employee. Motion for new trial was denied.

Of the three defendants, only Hodges has appealed. The errors assigned are the refusal to give the affirmative charge and the denial of the motion for new trial. We have concluded that both rulings were correct and that the judgment of the trial court should be affirmed.

On this appeal, Hodges' contention is that the evidence shows J. B. Scott to have been an independent contractor who had contracted to haul material for Hodges & Company, Inc.; that Billy Jack Ray was hired by Scott and therefore could not be the agent, servant or employee of Hodges & Company, Inc.

■ The test by which to determine whether the relationship, between a workman and those for whom he is rendering service, is that of employee-employer or independent contractor is well settled in Alabama.

"It is the reserved right of control rather than its actual exercise that furnishes the true test of whether the relation between the parties is that of an independent contractor or of employer and employee—master and servant. Moore-Hanley Hardware · Co. v. Williams, 238 Ala. 189, 189 So. 757." Solmica of the Gulf Coast, Inc. v. Braggs, 285 Ala. 396, 232 So.2d 638 (1970).

Therefore, the crux of the inquiry is whether Hodges & Company, Inc. reserved sufficient right of control over Ray's activities to create the relationship of employer and employee.

As this is largely a factual issue, we will set out the facts pertinent to Ray's employment. Hodges & Company, Inc. is a contractor primarily engaged in the business of highway construction, although it also engages in the construction of gas, water and sewer lines. Hodges owns an asphalt plant and a sand pit, and is also in the business of supplying and transporting these materials to other contractors. Hodges contracts with the State Highway Department on State highway projects, and with the Federal government on interstate highway projects. At the time of the accident Scott had an oral agreement with Hodges to haul materials for it. Scott owned two trucks, one which he operated himself and the other which was operated by Ray. Hodges paid Scott on the basis of the number of units he hauled and the distance he hauled them. Scott paid Ray twenty-five per cent of the per unit payment which Scott received from Hodges. According to testimony for Hodges, when it was working on a federally funded project each driver had to be listed on its payroll to insure compliance with the federal requirement that all drivers be paid at least the minimum wage. When Ray worked on a federal project, Hodges paid Ray directly and deducted his pay from the amount paid to Scott. If the amount Hodges paid to Ray was less than Ray's usual percentage, Scott made up the difference. The work which Ray did was the same whether he was on Hodges' payroll or not. Significantly, during the week of the accident Ray was on Hodges' payroll every day except the day the accident occurred. On the day of the accident, Ray was hauling sand from the sand pit owned by Hodges to the Hodges' asphalt plant. A Hodges' foreman loaded Ray's truck at the sand pit, and another Hodges' foreman told him where to dump the sand at the asphalt plant. A Hodges' foreman told Ray what to haul and where to haul it on any given day. If changes in the weather or the requirements of the job demanded it, a Hodges' foreman would direct Ray to stop hauling one substance and begin hauling another. Although Hodges could not fire Ray as an individual when he was not on their payroll, it did have the right to "fire the truck," according to the testimony. Ray hauled for Hodges exclusively during the entire six months he had been driving Scott's truck. During this period, Ray

"followed their [Hodges'] instructions, as to where to load and unload and how to do it, and what have you," according to Scott's testimony.

█ The first assignment of error argued is that the trial court erred in refusing to give the general affirmative charge. Hodges insists that there was insufficient evidence that Ray was its employee to justify submission of that issue to the jury. We find no merit in this assignment.

"The rule in this state is that in civil cases the question must go to the jury if the evidence or the reasonable inferences therefrom furnish a mere gleam, glimmer, spark, the least bit, the smallest trace, a scintilla, in support of the theory of the complaint.—Lankford v. Mong, 283 Ala. 24, 214 So.2d 301, and cases cited; Payne v. Jones, 284 Ala. 196, 224 So.2d 230. * * *" Union Central Life Insurance Company v. Scott, 286 Ala. 10, 236 So.2d 328 (1970).

"And we have said that when the affirmative charge is refused and the party who requested the charge appeals, we review the tendencies of the evidence most favorable to the opposite party regardless of any view we may have as to the weight of the evidence; and must allow such reasonable inferences as the jury were free to draw, not inferences which we may think the more probable. Duke v. Gaines, 224 Ala. 519, 140 So. 600; Chesser v. Williams, 268 Ala. 57, 104 So.2d 918. See Alabama Power Co. v. Smith, 273 Ala. 509, 142 So.2d 228; Louis Pizitz Dry Goods Co. v. Harris, 270 Ala. 390, 118 So.2d 727." Alabama Power Company v. Scholz, 283 Ala. 232, 215 So.2d 447 (1968).

Reviewing the tendencies of the evidence most favorable to the plaintiff and allowing for such reasonable inferences as the jury was free to draw, we conclude that there was unquestionably a scintilla of evidence indicating that Hodges had actual control, as well as the "reserved right of control," over Ray's activities so as to constitute the relationship of employer-employee or master-servant.

█ The second assignment of error argued is that the trial court erred in denying the motion for new trial. New trial was sought on grounds that the jury's verdict was not sustained by the great preponderance of the evidence. Hodges insists that, even if there was a scintilla of evidence that it had control over Ray, the verdict is not supported by the great weight of the evidence. We acknowledge that,

"* * * It is the rule that where the verdict is contrary to the great preponderance of the evidence, defendant, on due motion, is entitled to a new trial, though the court was not in error in declining the affirmative charge. The scintilla of evidence rule does not apply as to the ruling on the motion. Koonce et al. v. Craft (Ala.Sup.) 174 So. 478; Commonwealth Life Ins. Co. v. Brandon, 232 Ala. 265, 167 So. 723; Alabama Midland Railway Company v. Johnson, 123 Ala. 197, 26 So. 160." Pollard v. Rogers, 234 Ala. 92, 173 So. 881 (1937).

However, we also point out that,

"* * * This court has held many times that verdicts are presumed to be correct and no ground of a motion for a new trial is more carefully scrutinized than that the verdict is against the weight of the evidence. Dollar v. McKinney, 267 Ala. 627, 103 So.2d 785. Furthermore, verdicts are presumed correct and the presumption in favor of the correctness of the verdict is strengthened when a new trial is denied by the court. Mintz v. Millican, 266 Ala. 479, 97 So.2d 769. Furthermore, on appeal from a judgment for the plaintiff this court must review the tendencies of the evidence most favorable to the plaintiff allowing such inferences as the jury was free to draw. Jeffrey Mfg. Co. v. Hannah, 268 Ala. 262, 105 So.2d 672."

Grandquest v. Williams, 273 Ala. 140, 135 So.2d 391 (1961).

See, 15A Ala.Dig., New Trial, ⊜⟶72.

Moreover, this court has held that,

"* * * 'the decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust.'— Cobb v. Malone, 92 Ala. 630, 9 So. 738, 740." Southern Railway Company v. Reeder, 281 Ala. 458, 204 So.2d 808 (1967).

See, 2A Ala.Dig., Appeal and Error, ⊜⟶1003.

■ We have reviewed the pertinent evidence in this case, and concede that it presents a close case on the facts. However, in view of the presumptions in favor of the trial court's ruling, as well as the jury's verdict, we cannot say that "the preponderance of the evidence against the verdict is so decided as to clearly convince" this court that the verdict was wrong and unjust.

■ Defendant Hodges cites numerous cases from other jurisdictions in which draymen, truckmen and cartmen have been held to be independent contractors. On the other hand, plaintiff cites cases in which persons operating their own trucks, and paying the costs of operation, have been held to be employees of the one to whom they render service. We have carefully considered these cases and find none of them to be controlling in the fact situation before us. Indeed, it is doubtful if any one case can be binding precedent on the issue as to whether or not a workman in a given situation is an employee or an independent contractor. As this court has previously observed:

"'* * * It is not possible to lay down a hard and fast rule or state definite facts by which the status of men working and contracting together can be definitely defined in all cases as employee or independent contractor. Each case must depend on its own facts. Ordinarily, no one feature of the relation is determinative, but all must be considered together.' 1 Honnold on Workmen's Compensation, § 66." Birmingham Post Co. v. Sturgeon, 227 Ala. 162, 149 So. 74 (1933).

While we are in full accord with the observation that "no one feature of the relation is determinative," we think it highly significant, in the instant case, that Ray received his instructions and directions from Hodges, and it periodically listed him on its payroll and paid him wages as its employee. In none of the cited cases do *both* of these two features appear.

We conclude that the judgment of the trial court should be affirmed.

Affirmed.

HEFLIN, C. J., and COLEMAN, MADDOX and McCALL, JJ., concur.