This appeal and the cross-appeal arise out of a controversy between parties to an oral contract. The following issues are raised: (1) Whether the trial court improperly denied appellant's motion for summary judgment; (2) Whether the trial court improperly limited re-cross examination of a witness; (3) Whether the trial court allowed the appellee's counsel to ask leading questions of the appellee which invaded the province of the jury; (4) Whether the trial court committed reversible error when it allowed appellee to testify about his expenses and profits; (5) Whether the trial court erred in refusing to give a properly submitted jury instruction; (6) Whether the denial of a new trial constituted reversible error; and (7) On the cross-appeal, whether the trial court improperly granted a directed verdict for the appellant regarding the charges of fraud.
 FACTS
In September of 1979 Hurricane Frederic devastated the area of Baldwin County from Gulf Shores westward. Debris literally covered this area known as the Fort Morgan Peninsula. Some of the debris was in the right-of-way of the Fort Morgan Road (Dixie Graves Parkway) and some, of course, was on private properties abutting that right-of-way. *Page 1371 
The government charged the U.S. Corps of Engineers ("the Corps") with the responsibility of clearing the debris from the right-of-way and from private properties where a right of entry ("ROE") was granted within fifty feet of any drives and improvements on the private property.
The Corps first contracted with one Joe Ramona to do this work, which consisted of the actual removal and transporting of the debris to a dumping site just north of Gulf Shores. Under this first contract the contractor began working from the city limits of Gulf Shores (nearest the dumping site) and worked westward. After a short period of time the Corps terminated that contract with Ramona.
The Corps then advertised for bids on a new contract to do the same work and awarded the contract to the successful bidder, appellant, Matthews Brothers Construction Company of Wetumpka, Alabama. Matthews Brothers entered into a contract with the Corps to do the specified work at a fixed rate per cubic yard of debris. This contract obligated the contractor to begin at the west end of the Fort Morgan Road and work east toward the dumping site.
The appellee, Frank Lopez, came to Baldwin County about two weeks after the hurricane in response to a call from one Charles Pope from Gulf Shores and brought with him three trucks. He worked for Pope about three weeks and then started working for Joe Ramona. Lopez remained with Ramona for about three months. Just before Christmas 1979, Lopez left his trucks in Gulf Shores and went back home to Kingsville, Texas. He learned from Joe Ramona that the Corps had awarded the appellant the new contract. Lopez then contacted Matthews Brothers sometime between Christmas and New Year's Day. He told Jim Matthews, president of Matthews Brothers, of his plan to return to Gulf Shores. Lopez asked Matthews if he needed any trucks and he answered yes. The parties arranged to meet in Gulf Shores.
Lopez met Matthews on January 4, 1980, in Gulf Shores and viewed the job site. Matthews hired Lopez to haul debris at the rate of $2.75 per cubic yard. The parties agree they made an oral contract. The parties disagree whether Lopez contracted to continue to haul debris until Matthews Brothers had cleared the entire Fort Morgan Road or if a contract at will existed. Neither party disputes the fact, however, that Matthews Brothers terminated Lopez's employment before the contractor cleared the entire Fort Morgan Road. Further, both parties agree that before Matthews fired Lopez, other trucks, besides Lopez's, were also hauling debris.
Lopez sued Matthews Brothers and Jim Matthews for breach of contract. The jury found for Lopez and awarded him $25,000 in damages. Matthews Brothers appealed the judgment based on that verdict and raises the following issues.
 SUMMARY JUDGMENT
Matthews Brothers argues that the trial court improperly denied its motion for summary judgment. The original complaint, filed on August 6, 1980, alleged that Matthews Brothers awarded Lopez the "entire contract" to remove debris along the Fort Morgan Road.
On August 21, 1981, Matthews Brothers deposed Frank Lopez. In that deposition, Lopez made statements which Matthews Brothers contends were contrary to the averments in his complaint. Lopez no longer maintained that Matthews Brothers awarded him the "entire contract" to remove debris along the Fort Morgan Road. Counsel for the appellant asked Lopez during his deposition, "Is it your contention, are you claiming that you were the only person that could haul under the Matthews' contract from Fort Morgan on east?" Lopez answered, "No, sir."
Ten days later, August 31, 1981, Matthews Brothers filed a motion for summary judgment based on the discrepancies between the original complaint and Lopez's deposition. Lopez then filed a motion in opposition to the summary judgment motion on September 3, 1981. The trial court continued the motion for summary judgment *Page 1372 
on October 14, 1981, and gave Lopez twenty days to amend the complaint. On November 4, 1981, Lopez amended the complaint to allege that Matthews Brothers gave him "a job" to remove debris, instead of the "entire contract" to remove debris. Matthews Brothers moved to dismiss the amended complaint and subsequently filed a second motion for summary judgment. The trial court denied both of these motions.
Matthews Brothers argues that the trial court improperly continued the first motion for summary judgment. The appellant asserts that because Lopez failed to file any evidence in opposition to the first summary judgment motion, the trial court had no alternative but to grant the motion.
ARCP 56 grants parties in Alabama the power to move for summary judgment. The rule "provides an expeditious disposition of cases and avoid[s] unnecessary trials when no genuine issues of fact have been raised." Donald v. City National Bank,295 Ala. 320, 329 So.2d 92 (1976). Nonetheless, a court cannot grant a motion for summary judgment if a scintilla of evidence exists supporting the nonmoving party's position. Id.; Parkerv. King, 402 So.2d 877 (Ala. 1981). Even if Matthews Brothers' assertion that before Lopez amended the original complaint no genuine issue as to any material fact existed is correct, no grounds for reversal exists. We hold that the amended complaint set forth a genuine issue of material fact that remained unresolved: Whether Matthews Brothers could terminate the contract with Lopez at will or whether Lopez contracted to remove debris until Matthews Brothers cleared the entire Fort Morgan Road.
The law does not require a trial judge to rule upon a motion for summary judgment when it is presented. The Comments to Rule 56, ARCP, address this issue squarely:
 "Where a party cannot present facts sufficient to defeat a motion for summary judgment, but there is a good reason to believe he may have such evidence by the trial, the court has ample discretion either to deny the motion or to order a continuance. Rule 56 (f); Mason v. New York Cent. R.R., 8 F.R.D. 637
(W.D.N.Y. 1949); United States v. Newbury Mfg. Co., 1 F.R.D. 718 (D.Mass. 1941)."
Furthermore, the law is that courts are to liberally allow amendments to pleadings. Alabama Farm Bureau Mutual CasualtyInsurance Co. v. Guthrie, 338 So.2d 1276 (Ala. 1976); Huskey v.W.B. Goodwyn Co., Inc., 295 Ala. 1, 321 So.2d 645 (1975). It is only when a party shows that the trial court abused its discretion in allowing the amendment that this Court will reverse a trial court's decision. Walker v. Traughber,351 So.2d 917 (Ala.Civ.App. 1977).
We hold that when a party moves for summary judgment and there is reason to believe the nonmoving party has evidence to defeat issuance of summary judgment, a court may, in its discretion, order a continuance. ARCP 56. In this case, the court ordered the original summary judgment motion continued, and allowed Lopez to amend his complaint. We find no abuse of the discretion vested in the trial court. Neither do we find that the trial court erred in denying Matthews Brothers' second motion for summary judgment.
 RE-CROSS EXAMINATION
Matthews Brothers asserts that the trial court committed reversible error when it limited questions during re-cross examination of one Hector Hernandez, a witness for Lopez. After a full direct examination and subsequent cross examination of Hernandez, the following occurred:
 "On re-direct examination of Hector Hernandez, a witness for the appellee:
"BY MR. FOSTER:
 "Q. At what time did these other trucks come in to haul from the right of way?
"A. Two days before he told us that we had a job.
"Q. Two days before?
"A. (No response)
"MR. FOSTER: That's all.
"MR. STONE: And — *Page 1373 
 "THE COURT: Everybody gets one more question. What's your question, Mr. Stone? This going back and forth has got to stop.
 "MR. STONE: May it please the Court, I object to being limited to one more question. The question I asked might bring on another one and I think. . . .
 "THE COURT: Counsel has already had his opportunity to cross examination. Counsel has already had his opportunity for direct examination. We are not going back and forth with the witnesses. Counsel may have what such question as is brought on by Mr. Foster's last question, and that's all.
 "MR. STONE: In view of the Court's ruling, I refuse to ask another question, and I object to the Court restricting us in our cross-examination.
"THE COURT: You may have your exception."
We are aware that the law provides to a party the right of a thorough and sifting cross examination (Code, § 12-21-137), but the law provides that the scope of cross examination is within the sound discretion of the trial court. Riley v. City ofHuntsville, 379 So.2d 557, 560 (Ala. 1980), and this rule naturally extends to re-cross examination. A trial court has the power to limit "questioning that is repetitious, irrelevant, harassing, annoying, or humiliating or concerns wholly collateral matters." Id.; International Brotherhood ofTeamsters v. Hatas, 287 Ala. 344, 252 So.2d 7 (1971).
The record indicates that the appellant had an opportunity to extensively cross examine Hernandez. In the trial court's opinion, the appellant had an ample opportunity during original cross examination, and therefore made a discretionary ruling, and on appeal, the appellant has failed to convince us that the judge abused his discretion.
 LEADING QUESTIONS
The trial court overruled two objections the appellant made during Lopez's direct examination. Matthews Brothers asserts that opposing counsel led the witness as to one of the critical factual issues, and that the witness's answers invaded the province of the jury. The objections arose in the following context:
 "Q. Did Mr. Matthews represent to you that you could have a job from the west end of Fort Morgan, west end of the Fort Morgan Road to clear the right of ways down to the One Mile marker?
"MR. STONE: We object to that question as leading.
"THE COURT: Hasn't it already been answered?
"MR. STONE: No, sir, not in that form, Judge.
 "THE COURT: All right. Let's swallow this gnat. I overrule the objection. Counsel has his exception.
 "MR. STONE: We except to the court calling our objection a gnat.
"THE COURT: You have your exception to that too.
"BY MR. FOSTER:
"Q. Would you answer the question?
"A. Would you tell me again?
 "Q. Did Mr. Matthews represent to you that you could have a job from the west end of the Fort Morgan Road to clear the right of way down to the One Mile Marker?
 "A. Yes, sir, he did. He told me from one end to the other on the right of ways and I told him if he needed more trucks to let me know and I would get them.
"Q. Did you accept the job?
"A. Yes, sir, I did.
 "Q. Were you obligated to clear the debris that was presented to you to be cleaned from the west end all the way down to the One Mile Marker?
 "MR. STONE: We object to the question, Judge. It's leading and invades the province of the jury.
"THE COURT: Overruled.
"BY MR. FOSTER:
"Q. Were you obligated?
"A. Yes, sir." *Page 1374 
While a witness is precluded from stating a conclusion of law, it is permissible for a witness to sometimes make a shorthand statement of the facts. Crump v. Geer Brothers, Inc.,336 So.2d 1091, 1095 (Ala. 1976); Mobile, J. K.C.R.R. Co. v.Hawkins, 163 Ala. 565, 51 So. 37 (1909).
The controversy between the parties centered around the terms of their contract; whether Lopez had an "exclusive" contract or a contract at will or one under which he could remove debris until the job was completed. Having examined the colloquy above-quoted, we conclude that no reversible error has been shown. Rule 45, ARAP.
 QUESTION OF PROFITS
On direct examination Lopez testified about the amount of his expenses. The appellant objected to this testimony and the trial court overruled the objection, and appellant now claims the court's ruling is reversible error.
From the record it is evident the following occurred.
 "Q. All right. Now, of the Two dollars and seventy-five cents you were paid to do this job, how much was profit?
"MR. STONE: We object. Speculative.
 "THE COURT: I will allow him to testify as to what percentage was his expenses.
"BY MR. FOSTER:
"Q. All right. What part of the —
 "THE COURT: Excuse me. I sustain his objection, and I anticipate that there will be another one to the next question. Go ahead.
"BY MR. FOSTER:
 "Q. All right. What part of the two dollars and seventy-five cents was expenses?
"MR. STONE: Yes, sir, I object to that.
 "THE COURT: All right. Overruled. Go ahead and answer it.
"THE WITNESS: Twenty percent would be expenses.
"BY MR. FOSTER:
"Q. And about eighty percent would be profit?
"A. Yes, sir, eighty percent was profit."
A witness is not precluded from stating his expenses as a conclusion of fact. See Malone v. Reynolds, 213 Ala. 681,105 So. 891 (1925); Rowell v. Treadwell Ford, Inc., 511 F.2d 164
(5th Cir. 1975). We hold that enumerating an itemized list of costs and stating what percentage of a total contract price represented expenses, as in the case sub judice, are equally valid means for a party to establish his expenses.
Even if counsel improperly asked the witness about profits the second time, there are no grounds for reversal, because the appellant failed to object to the second question regarding Lopez's profits; in the absence of an objection we cannot review that issue on appeal. See Holt v. Davidson,388 So.2d 548 (Ala. 1980); Callahan v. Weiland, 291 Ala. 183,279 So.2d 451 (1973).
 ORAL CHARGES
The appellant argues that the trial court improperly refused the following two charges:
"DEFENDANT'S REQUESTED CHARGE NO: B
 "The Court charges the jury that unless you believe from the evidence in this case that the Defendant Matthews Brothers Construction Co., Inc., agreed that the Plaintiff would have the exclusive right to remove debris from the right-of-way of the Fort Morgan Highway from Fort Morgan East to the one mile post at or near the Western City Limits of Gulf Shores, Alabama, then your verdict should be for the Defendant.
"DEFENDANT'S REQUESTED CHARGE NO: C
 "The Court charges the jury that if you are reasonably satisfied from the evidence that the Plaintiff did not have the exclusive right to remove debris from the right-of-way of the Fort Morgan Highway from Fort Morgan East to the one mile post at or near the Western City Limits of Gulf Shores, Alabama; and if you are further reasonably satisfied from the evidence that the Defendant Matthews *Page 1375 
Brothers Construction Co., Inc., paid to the Plaintiff $2.75 for each cubic yard of debris which the Plaintiff removed from said right-of-way, then your verdict should be for the Defendant."
The refused instructions refer to the exclusive nature of the alleged contract. Matthews Brothers insisted throughout the trial, and has continued to insist on appeal, that Lopez asserted that he had an exclusive contract with the appellant to remove debris. As noted earlier, the trial court properly allowed Lopez to amend his complaint. In the amended complaint Lopez alleged he contracted only to do "a job" of removing debris and not that he had the "entire contract" to remove debris on the Fort Morgan Road; therefore, Matthews Brothers' claim that Lopez tried the case as if an exclusive agreement existed, apparently was not accepted by the trial court as the issue tried in the case. The court's duty is to state the law and tell the jury how to apply the law to the facts. McArdle v.State, 408 So.2d 491 (Ala. 1981); City of Anniston v. Oliver,28 Ala. App. 390, 185 So. 187 (1938). The trial court did not err in refusing the instructions. The instructions assumed a fact, the exclusive nature of the contract, and the presence of conflicting evidence made this assumption unwarranted. Cf.Pioneer Credit Company v. Downey, 41 Ala. App. 430,134 So.2d 217 (1961) (court properly refused defendant's charge which assumed the existence of a contract where assumption was not warranted under conflicting evidence).
 NEW TRIAL
The scope of review regarding the granting of a new trial is well settled. Only when the judgment goes against the great preponderance of the evidence should a court grant a new trial.Hodges Company v. Albrecht, 288 Ala. 281, 259 So.2d 829 (1972);Walker v. Cardwell, 348 So.2d 1049 (Ala. 1977). A strong presumption favors the jury's verdict and the trial court's refusal to grant a new trial. Id.
As with other issues already discussed, Matthews Brothers again focuses upon the alleged exclusive nature of the contract. The evidence indicates that the jury was warranted in finding that no exclusive contract existed; in fact, under the evidence the jury could have found that the parties did not have a contract at will either. Instead, the verdict reflects a finding by the jury that Lopez had a contract to remove debris until Matthews Brothers cleared the entire Fort Morgan Road, and that Matthews Brothers fired Lopez well before the entire road was cleared. Based on the evidence, the jury could have found that Matthews Brothers' action breached the contract; and that Lopez was entitled to the damages awarded.
After reviewing the evidence, we hold that the verdict was not against the preponderance of the evidence, and that the trial court did not err in denying the motion for new trial.
 CROSS APPEAL
Because the judgment is affirmed, no reasons exist to consider Lopez's cross appeal. In fact, Lopez states in brief:
 "The appellee respectfully submits that the trial court erred in directing a verdict as to the appellee's fraud counts at the close of the appellee's case. However, since the appellee prevailed at the trial of the case on the issue of breach of contract, we request that this Honorable Court not reverse the trial court's decision to direct the verdict on the appellee's fraud counts unless it reverses as to the lower court's decision on the breach of contract issue."
 CONCLUSION
For the reasons stated, the judgment of the court is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur. *Page 1376