I respectfully dissent. I would reverse the trial court's denial of the defendant's motion for new trial.
The defendant filed a motion for new trial, alleging as one of the grounds that the verdict was against the great weight and preponderance of the evidence. The trial court denied this motion. In Hodges Co. v. Albrecht, 288 Ala. 281,259 So.2d 829 (1972), this Court stated the applicable scope of review with regard to a new trial granted on the grounds that the verdict is against the great weight of the evidence:
 "`It is the rule that where the verdict is contrary to the great preponderance of the evidence, defendant, on due motion, is entitled to a new trial, though the court was not in error in declining the affirmative charge [a directed verdict]. The scintilla of evidence rule does not apply as to the ruling on the motion. [Citations omitted.]'
 "However, we also point out that, `"* * * This Court has held many times that verdicts are presumed to be correct and no ground of a motion for a new trial is more carefully scrutinized than that the verdict is against the weight of the evidence. [Citation omitted.] Furthermore, . . . the presumption in favor of the correctness of the verdict is strengthened when a new trial is denied by the court."'"
288 Ala. 281, 285-86, 259 So.2d 829, 832 (as quoted in Walkerv. Caldwell, 348 So.2d 1049, at 1051 (Ala. 1977).
Having reviewed all of the evidence presented in this case, I conclude that the verdict rendered by the jury was against the great weight of the evidence. At trial, the plaintiff's theory of negligence was that the defendant's failure to have the boat trailer he was towing properly lighted proximately caused the decedent's death. The plaintiff's case-in-chief consisted of the testimony of four witnesses. None of the four witnesses observed the trailer the defendant was towing prior to the accident, nor did they observe the accident itself. Only one of the witnesses, the decedent's father, testified that the defendant's lights were not on at the time he reached the accident scene. No time frame was established to indicate how long it was after the accident took place before the decedent's father reached the scene. Each of the plaintiff's witnesses testified that it was "dark" at the approximate time the accident occurred.
During the presentation of the defendant's case-in-chief, the defendant testified that, although it was not completely dark, he had his parking lights on prior to and at the time of the accident. The defendant and his brother-in-law, who was accompanying the defendant at the time of the accident, testified that the boat trailer was equipped with a functional taillight and that the trailer had been electrically wired to the truck. The defendant's evidence also indicated that the blood alcohol level of the decedent at the time of the accident was .28 percent. A toxicologist from the Alabama Department of Forensic Sciences testified that the .28 percent level of alcohol in the deceased's blood was "what actually reached the blood stream and was capable of affecting him." She further testified that this level of blood alcohol would severely reduce visual acuity, have an effect on depth perception, and make a person somewhat "out of touch" with his environment. A medical doctor echoed the toxicologist's testimony and added that a blood alcohol level of .28 percent would diminish muscular coordination and distort judgment. The state trooper who investigated the accident testified that there was no evidence that the operator of the motorcycle attempted to stop or attempted to avoid running into the back of the boat. *Page 630 
Further, there was testimony that the northbound lane of Highway 39 was free of obstructions and that the plaintiff's decedent had ample room and opportunity to pass the defendant without peril.
In rebuttal, the plaintiff called the state trooper who investigated the accident. The trooper testified that on the evening of the accident he did not see a light on the boat trailer or any wires on the trailer to provide electricity to a light. He further testified that on the day after the accident, he went to the place where the boat was stored and looked at it; he said he saw an electrical wire running from the front of the trailer to the fender, but did not see a trailer light. The defendant's evidence tended to indicate that the trailer light had been knocked off in the collision, but the trooper testified that the scratches he observed on the fender appeared to have been made by a screwdriver rather than from the force of a collision.
In King Coal Co. v. Garmon, 388 So.2d 886, 890 (Ala. 1980), this Court, in ruling on a motion for new trial, held that "when a verdict is against the weight or preponderance of the evidence, and is wrong and unjust, this Court may grant a new trial." It is my opinion that the verdict in this case is against the great weight and preponderance of the evidence. First, only one witness, the decedent's father (the plaintiff himself), testified that the defendant did not have his lights on at the time he reached the accident scene. However, no testimony was ever elicited as to how long it was after the accident occurred before the decedent's father went to the scene. Furthermore, there was never any testimony from any witness that the defendant did not have his lights on prior to or at the time of the accident. Second, both the state trooper and the deputy sheriff who investigated the accident testified that, at the time they arrived at the accident scene, it had not become dark enough that lights would be required by law. Finally, the evidence was uncontradicted that the blood alcohol level of the decedent at the time of the accident was .28 percent. This level of blood alcohol in a person who drove into the rear of a boat and trailer, who apparently made no attempt to stop his motorcycle before the collision, and who had a clear lane in which he could have passed the defendant's truck and trailer, would have to have been a cause contributing to the person's death. Therefore, I am convinced that the finding that the defendant negligently caused the decedent's death and that the decedent was not contributorily negligent is "wrong and unjust." King Coal Co. v. Garmon, 388 So.2d at 890. Accordingly, I think the defendant's motion for new trial should have been granted.