MADDOX, Justice
(dissenting.)
Alabama Power Company’s counsel was able to convince a trial jury that its agents were not negligent, even though plaintiff advanced several theories of negligence, including a failure to warn, a failure to have a flagman present at the scene, and a failure to secure the pole to a derrick truck.
The majority, unfortunately, views the evidence most favorably to the plaintiff, and concludes that the trial court’s giving of the “intervening and superseding” instructions was reversible error, “particularly in light of the central thrust of Alabama Power’s defense [that the cause of the accident was a void under a conduit cable laid in a trench that was dug by Country Club agents.]”
The majority opinion violates two very important principles of law:
1) Jury verdicts are presumed to be correct, and a jury verdict should not be disturbed unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence is so clearly contrary to the verdict that denial of a new trial constitutes a palpable abuse of the trial court’s discretion, and the attendant presumption is strengthened when the trial court denies a motion for new trial. Maffett v. Roberts, 388 So.2d 972 (Ala.1980); Matthews Bros. Const. Co. v. Lopez, 434 So.2d 1369 (Ala.1983).
2) This Court will review alleged error in the giving of a written requested charge in the same context as if the charge were a part of the oral charge, and, where the portion of an oral charge objected to is misleading, abstract, or incomplete, this Court will reverse only if the Court con-eludes that prejudice resulted from the giving of the charge in light of the entire instruction. Alabama Power Co. v. Tatum, 293 Ala. 500, 306 So.2d 251 (1975).
The Tatum case is the seminal case and clearly states when a case should be reversed for the giving of an incomplete or misleading instruction. This one should not be. In Tatum, with only one Justice dissenting on another point, this Court stated that it would no longer reverse cases on technicalities in the giving of instructions. In Tatum, the instruction objected to by Alabama Power Company as defendant, was found to be misleading by this Court, and the instruction in Tatum, like the one here, concerned a very substantial and material part of the plaintiff’s case — the duty of the Power Company to anticipate that children would climb a tree and come into contact with one of its energized wires— yet, this Court affirmed the judgment. I believe that Alabama Power should be granted the benefit of a rule that, ironically, was applied for the first time when it was an appellant.
STEAGALL, J., concurs.