# Rudolph *v.* City of Elyton.

## *Bill to Abate A Public Nuisance.*

(Decided June 17, 1909.  50 South. 80.)

1. *Municipal Corporations; Obstruction of Streets; Nuisance.*— Equity will abate as a nuisance, at the suit of a municipality, obstructions in its public streets or highways.

2. *Same; Corporate Capacity; Sufficiency of Allegation.*—In a bill by a city to abate an obstruction in the public highway, an allegation that the plaintiff was a municipal corporation located in a certain county in the state was sufficient without alleging how or when such corporation was created.

3. *Same; Establishment of Street.*—In a suit by a city to abate a public nuisance arising from an obstruction of a street or highway, a general allegation in the bill that the street or road named had been continuously used as a public highway for more than twenty years was sufficient in the absence of a demurrer pointing out the fact that the use was not alleged to have been adverse.

4. *Corporations; Existence; How Raised.*—The existence of a corporation must generally be raised or tested by a direct proceeding for that purpose such as to vacate its charter, oust its officers, etc.

5. *Pleading; Objections; Failure to Point Out.*—Where the fact that the bill was objectionable as stating conclusions rather than facts, was not pointed out by demurrer whether or not it was will not be decided on appeal.

6. *Dedication; Acts Constituting; Designation in Maps and Plats.* —Where lands adjoin a road within the city limits and the owner thereof has the land platted and surveyed into city lots and maps and sells lots with reference to the plats and a subsequent owner has the lots re-surveyed and platted and mapped, and has the plats filed in the office of the Judge of Probate showing the road as a public highway, the same is tantamount and is a dedication to public use, and one buying lots with reference to such plats cannot question the public character of the highway.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the city of Elyton against Z. T. Rudolph to abate as a public nuisance an obstruction located and maintained in a public street or highway. From a decree overruling demurrer to the bill, respondent appeals. Affirmed.

[Rudolph v. City of Elyton.]

WARD & RUDOLPH, for appellant. There is no equity in the bill because it fails to show any right of the appellee to institute or maintain such action for the removal of obstructions in the "Georgia Road."—*McCain v. The State*, 62 Ala. 138; *Western Ry. v. Grand Trunk*, 96 Ala. 272; *Whaley v. Wilson*, 120 Ala. 502. The municipality has done nothing towards adopting the Georgia Road as a public street or highway, and hence, the city has no right legally or otherwise to fix its boundaries.—Authorities, supra. Counsel discuss other assignments of error, but without citation of authority.

F. E. BLACKBURN, for appellee. The court will not consider points not raised by the pleading.—*Jones v. Bright*, 140 Ala. 268. The case most nearly in point is that of the *Western Ry. v. Grand Trunk*, 96 Ala. 272, and the cases following establish that there was a dedication.—*Webb v. City of Demopolis*, 95 Ala. 116; *City of Demopolis v. Webb*, 87 Ala. 659. The city has a right to file the bill.—*Reid v. City of Birmingham*, 92 Ala. 344. A city after incorporation succeeds to all the rights in trust for the public acquired by user or dedication.—*Ham v. Dadeville*, 100 Ala. 199. Appellant became burdened with the easements of the Georgia Road, which abutted the south end of his lot, when he purchased the land.—*Roberts v. Matthews*, 137 Ala. 523. The court will assume jurisdiction to abate such a nuisance. —*Jackson v. Snodgrass*, 140 Ala. 143. The incorporation of a municipality cannot be raised by demurrer, but must be upon direct attack.—*Harry v. Nesbitt*, 24 Ala. 398; *Ex parte Moore*, 62 Ala. 471; *Butler v. Walker*, 98 Ala. 358.

McCLELLAN, J.—Appeal from decree overruling demurrer. Bill by a municipal corporation to abate a

public nuisance created, it is alleged, by the presence of buildings and fences of respondent (appellant) in a public highway within the limits of such municipality. That the powers of a court of equity may be invoked to such purpose is settled in this state.—*Jackson v. Snodgrass*, 140 Ala. 365, 37 South. 246, and authorities there cited; *Demopolis, v. Webb*, 87 Ala. 650, 6 South. 408; *Webb v. Demopolis*, 95 Ala. 116, 13 South. 289, 21 L. R. A. 62.

The averments of the bill, in an effort to show a public right in the "Georgia Road," proceed along two lines, viz: First, continuous use thereof as a public highway by the public for more than 20 years; and, second, the platting by the owner of the territory attingent to the described road, and the sale of lots with reference to that map or platting, whereon said "Georgia Road" was shown, the respondent being one of the purchasers under such circumstances. It is flatly averred in the amended bill that the obstructions mentioned, maintained by respondent, are located within the limits of the "Georgia Road." It is also unequivocally alleged that the "Georgia Road" is and has been for upwards of 20 years a public highway. Much of appellant's argument is addressed to the proposition that the city of Elyton shows no proper right to invoke this phase of equity's jurisdiction. The bill contained the averment that the "city of Elyton is a municipal corporation, located * * * in Jefferson county, Alabama." Where, how, or when such incorporation was created or established was not required to be specifically averred. We are aware of no rule of pleading requiring such particularity, nor decision of this court so affirming. Generally the existence vel non of a corporation must be tested by direct proceeding to vacate the charter, oust its officers, or proceedings

in that nature.—*Ex parte Moore,* 62 Ala. 471, 476. These considerations dispose of several grounds of the demurrer.

The bill is silent in averment that the "Georgia Road" was adversely used by the public for the period indicated. There is, however, no ground of demurrer pointing out this particular defect. The general averment that the "Georgia Road" had been, for more than 20 years, continuously used as a public highway, was sufficient to give the bill equity.—*Jones v. Bright,* 140 Ala. 268, 37 South. 79.

Those grounds of the demurrer taking the point that the buildings and fences were not shown to have been on any part of the "Georgia Road" were expressly met by the averments of the amendment to the bill. There is no ground of demurrer objecting that the stated averment was a conclusion, even if such an objection were tenable—a question not raised, and hence not decided.

According to the averments of the bill the "Georgia Road" was a "public highway" before the year 1885. In that year, it appears from the bill, the owner of the land touching the "Georgia Road" within the limits of this municipality caused it to be platted and mapped and laid it off in city or town lots; and such owner sold lots with reference to that platting. It further appears from the bill that Miss Margaret Walker, in 1891, then owner of lands described in the bill, caused it to be resurveyed and replatted, and filed the acknowledged map in the probate office of Jefferson county; that on such map the "Georgia Road" was shown as a public highway; and that respondent bought his lots with reference to such platting.—*Harn v. Dadeville,* 100 Ala. 199, 14 South. 9. The effect of this action by the owner was a dedication of the Georgia Road to public use, even if it was not previously a public highway; and the respond-

[Wilkerson v. Sellers & Orum Co.]

ent cannot, if the averments indicated are sustained, question the public character of such highway.—*Roberts v. Mathews,* 137 Ala. 523, 34 South. 624, 97 Am. St. Rep. 56, and authorities therein cited.

If the averments of the bill, in either phase, are sustained, the sole question must be one of fact, viz., whether the space occupied by the buildings and inclosed by the fences is a part of the "Georgia Road." If so, the right of the complainant to the relief prayed cannot be doubted.

There was no error in overruling the demurrers to the amended bill, and the decree appealed from is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.