(112 So. 136)

## HAMILTON v. TOWN OF WARRIOR.
### (6 Div. 685.)

(Supreme Court of Alabama. Jan. 13, 1927. Rehearing Denied April 14, 1927.)

1. **Municipal corporations** ⬤⟹671(8)—**Bill to abate nuisances in streets held not barred by laches, limitations, prescription, or doctrine of equitable estoppel.**

Town's bill to abate nuisance, caused by defendant's maintenance of buildings, barns, sheds, and fences in certain streets, was not barred by laches, nor by statute of limitations, nor prescription, nor doctrine of equitable estoppel.

2. **Municipal corporations** ⬤⟹671(8)—**Existence of like obstructions maintained by city officers did not prevent city from abating nuisance in street.**

That there were other like obstructions in other streets, even though maintained by officers of city, did not prevent city from maintaining bill to abate nuisance caused by defendant in certain streets, since officers in so doing represent, not themselves, but all inhabitants of city.

3. **Evidence** ⬤⟹372(11)—**Undated map bearing appearance of age, antedating conveyance 40 years before, held admissible in suit to enjoin street obstruction.**

Map, not dated, bearing on face every appearance of age, shown by evidence to have long antedated defendant's purchase of lots abutting on streets, which lots had been conveyed for more than 40 years, *held* properly admitted in evidence, in action to abate nuisance maintained by defendant in streets.

4. **Evidence** ⬤⟹372(11)—**That old map had not been placed on public record did not affect its admissibility.**

That map, bearing on face every appearance of age and shown to have antedated conveyance 40 years before, had not been placed on public record did not affect its admissiblity.

5. **Dedication** ⬤⟹19(5)—**Sales of lots according to map showing streets effected dedication to public use of streets shown.**

Where land included within corporate limits of town had been platted and sold according to map, such sales effected dedication to public use of all streets shown by map.

6. **Dedication** ⬤⟹39—**One claiming title under muniment standing in chain of title, describing his lots according to map, was estopped to deny dedication of streets shown on map.**

One claiming title under muniment standing in chain of title, which described his lots according to certain map, was estopped to deny dedication of streets shown on map.

7. **Municipal corporations** ⬤⟹671(8)—**Condition of other streets held no defense to city's bill to abate nuisance caused by buildings in streets.**

That some of streets shown by map were not improved or were impassable was no defense to city's bill to abate nuisance, caused by defendant's maintenance of buildings, sheds, and fences in streets.

8. **Appeal and error** ⬤⟹931(6)—**Appellant's exceptions to specific rulings, in suit to abate nuisances, availed him nothing on appeal (Code 1923, § 6565.)**

In suit to abate nuisance, defendant's exceptions to specific rulings could avail him nothing on appeal, in view of Code 1923, § 6565.

Appeal from Circuit Court, Jefferson County; Williams M. Walker, Judge.

Bill in equity by the Town of Warrior against G. N. Hamilton. From a decree for complainant, respondent appeals. Affirmed.

F. D. McArthur, of Birmingham, for appellant.

The averment of the existence of certain public streets must go beyond a mere legal conclusion; it should be shown by the averments that in fact, by the facts averred, the streets are really public streets. City of Demopolis v. Webb, 87 Ala. 662, 6 So. 408; Reed v. City of Birmingham, 92 Ala. 339, 9 So. 161. A public nuisance must be established by clear evidence before the preventive remedy will be granted. Chancery will only lend its aid to abate a nuisance by preventing its continuance through an injunction, where the fact of its existence is undoubted. Pomeroy's Eq. Jur. p. 3228; City of Demopolis v. Webb, supra. A dedication or grant to the public is not to be presumed, it must be proved, and, if the acts of the owner are equivocal, they are insufficient to establish a dedication. State v. Meaher, 213 Ala. 466, 105 So. 562; Smith v. City of Opelika, 165 Ala. 633, 51 So. 821.

Percy, Benners & Burr, of Birmingham, for appellee.

A city may maintain a bill to enjoin as a nuisance the maintenance of obstructions in its streets. Smith v. City of Opelika, 165 Ala. 630, 51 So. 821; Rudolph v. Elyton, 161 Ala. 525, 50 So. 80; Reed v. Birmingham, 92 Ala. 339, 9 So. 161. Where land is platted and sold with reference to a plat, the plan or scheme indicated on the plat is regarded as a unit and the sale of lots with reference to the plat effects a dedication of all streets shown on the plat. Stack v. Tenn. Land Co., 209 Ala. 449, 96 So. 355; City of Florence v. Florence L. & L. Co., 204 Ala. 175, 85 So. 516; Highland R. Co. v. Avondale L. Co., 174 Ala. 326, 56 So. 716; Sherer v. Jasper, 93 Ala. 530, 9 So. 584. A purchaser of a lot in an incorporated city or town, described in his conveyance according to a map or plat made out by the original purchasers of the land, is estopped from denying the dedication of the streets. City of Demopolis v. Webb, 87 Ala. 659, 6 So. 408. An ancient map is ad-

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

missible in evidence. Hughes v. Tuscaloosa, 197 Ala. 592, 73 So. 90; Barker v. Mobile Elec. Co., 173 Ala. 28, 55 So. 364. Findings of the trial court, who heard the evidence orally, will be given all the weight of a verdict of a jury. Cooke v. Fenner & Beane, 214 Ala. 558, 108 So. 370.

SAYRE, J. [1, 2] Appellee's bill to abate certain nuisances caused by appellant's maintenance of buildings, barns, sheds, and fences in Thomas and Second streets was not barred by laches, nor any statute of limitation, nor prescription, nor the doctrine of equitable estoppel. Webb v. Demopolis, 95 Ala. 116, 13 So. 289, 21 L. R. A. 62. Nor does the fact that other like obstructions in other streets of the town, even though some of them be maintained by officers of the city government, if that be a fact, prevent the city from prosecuting this bill, for, in so doing, its officers, agents, and attorneys represent, not themselves, but all the inhabitants and property owners of the town. Reed v. Birmingham, 92 Ala. 339, 9 So. 161; Rudolph v. Birmingham, 188 Ala. 631, 65 So. 1006; Rudolph v. Elyton, 161 Ala. 525, 50 So. 80; Smith v. Opelika, 165 Ala. 630, 51 So. 821.

[3, 4] The map showing the blocks and streets of the town, bearing on its face every appearance of age, shown by the evidence to have, in fact, long antedated appellant's purchase of the lots abutting on the streets in which he now maintains buildings, fences, etc., and according to which lots (including appellant's) had been conveyed for more than 40 years, though not bearing a date on its face, was properly admitted in evidence. Barker v. Mobile, 173 Ala. 28, 55 So. 364; Hughes v. Tuscaloosa, 197 Ala. 592, 73 So. 90. Nor does the fact that the map had not been placed upon the public records affect its admissibility. Thrasher v. Royster, 187 Ala. 350, 65 So. 796.

[5] Land now included within the corporate limits of the town of Warrior having been platted and lots sold according to the map referred to in the evidence as the "old survey of the Town of Warrior," such sales effected a dedication to public use of all the streets shown by the plat or map. Stack v. Tennessee Land Co., 209 Ala. 449, 96 So. 355, and cases there cited.

[6, 7] Appellant claims title under a muniment standing in a chain of title which describes his lots according to the "old survey," or map, and is estopped to deny the dedication of the streets shown thereby. Demopolis v. Webb, 87 Ala. 659, 6 So. 408. Nor is it of any consequence in this regard that some of the streets shown by the map are not improved or may be in their present condition impassable. The streets cannot be made what they ought to be as long as the structures maintained therein by appellant—along with others, it may be—are allowed to remain.

[8] We have considered only competent and relevant evidence. Appellant's exceptions to specific rulings can avail him nothing. Woody v. Tucker, Willingham & Co., ante, p. 278, 110 So. 465; Code, § 6565.

Finding no error, the decree rendered in the trial court is due to be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.