130 So.2d 12

**Luther WALKER et al.**

v.

**TOWN OF FRUITHURST.**

**7 Div. 418.**

Supreme Court of Alabama.

May 11, 1961.

Emerson & Watson, Anniston, and Merrill & Merrill, Heflin, for appellants.

Knox, Jones, Woolf & Merrill, Anniston, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal by the defendants in the court below from a final judgment entered in the Circuit Court of Cleburne County, Alabama, on a verdict returned by the jury in favor of the plaintiff.

The appellee (Town of Fruithurst) brought a statutory action of ejectment against the appellants for recovery of a

tract of land containing approximately seven-eighths (⅞) of an acre located in the Town of Fruithurst, Alabama. The complaint consisted of one count in statutory form. To the complaint, the appellants pleaded the general issue.

After the court entered a final judgment in accordance with the verdict of the jury, the appellants filed a motion for a new trial, which was overruled by the trial court.

Prior to the trial of this cause resulting in the judgment from which this appeal is taken, this cause had been tried twice before in the Circuit Court of Cleburne County on substantially the same evidence. In each of said prior trials, the jury returned a verdict in favor of the Town of Fruithurst for the property sued for. In each instance, the trial court, upon appellants' motion for a new trial, set aside the verdict of the jury and the judgment of the court entered thereon, on the theory that the same were contrary to the evidence. The first trial was held before Judge Leslie C. Longshore, and the second trial was held before Judge W. D. DeBardelaben. The third trial resulting in this appeal was held before Judge Longshore.

■ There are nine assignments of error. Assignments of error 1, 5 and 7 are not argued by appellants in their brief and are, therefore, considered as waived. Supreme Court Rule 9.

■ Assignment of error No. 2 is based upon the trial court's refusal to give written charge No. 3 requested by appellants. The charge in question was the general affirmative charge with hypothesis. The scintilla evidence rule is in effect in Alabama and the general affirmative charge should not be given against plaintiff where there is the slightest evidence tending to prove a right of recovery. Birmingham Electric Co. v. Freeman, 32 Ala.App. 479, 27 So.2d 231; Alabama Great Southern R. Co. v. Bishop, 265 Ala. 118, 89 So.2d 738, 64 A.L.R.2d 1190; Chesser v. Williams, 268 Ala. 57, 104 So.2d 918. We are clear to the conclusion that the trial court did not err in refusing to give the general affirmative charge at the request of defendants.

■ Assignment of error No. 4 is predicated upon the refusal of the trial court to give the following-requested written charge:

"*Charge No. 8.* The Court charges you, gentlemen of the jury, that a possession of land which does not exclude the owner .is not such a possession as will constitute prescription."

Charge No. 8 was adequately covered in the court's oral charge, from which we quote as follows:

"* * * in the twenty-year rule of prescription you may take possession of property that you never had any kind of title to, and if you held it openly, adversely and *exclusively* to everybody else clearly and definitely for a period of twenty years, then that possession would ripen into title. * * *" (Emphasis added.)

■ The particular element of exclusiveness was covered in the portion of the oral charge here quoted. Therefore, the court did not err in refusing charge 8, requested by appellants. Section 273, Title 7, Code 1940; Garrett v. State of Alabama, 268 Ala. 299, 105 So.2d 541; Jackson v. State, 264 Ala. 528, 88 So.2d 206. Furthermore, the charge overlooks the distinction between adverse possession and prescription, and is misleading. Morris v. Yancey, 267 Ala. 657, 104 So.2d 553.

■■ Assignment of error No. 6 complains of the action of the trial court in admitting into evidence, over the objection of appellants, plaintiff's Exhibit 2, which was a map of a part of the Town of Fruithurst. The contention of the appellants is that this map was admitted without a proper predicate being laid. We are not unmindful of the general rule which requires maps, surveys, and the like, to be authenticated by the testimony of the party making the maps.

However, where the maps are ancient, an exception to this general rule exists. Maps, surveys, etc., purporting to be thirty years old or more are said to prove themselves and are admissible in evidence without the ordinary requirements as to proof of execution or handwriting if relevant to the inquiry, when produced from proper custody, on their face free from suspicion and authorized or recognized as official documents. Golden v. Rollins, 266 Ala. 640, 98 So.2d 409; Hamilton v. Town of Warrior, 215 Ala. 670, 112 So. 136; Hughes v. City of Tuscaloosa, 197 Ala. 592, 73 So. 90.

■ As to Exhibit 2, Mr. Hoyt Moore, the Tax Assessor of Cleburne County, Alabama, testified, in substance, as follows: That he began his duties as such tax assessor October 1, 1956. He identified said Exhibit 2 as being page 6 of a plat book designated as Plat Book No. 3, being one of the plat books in the tax assessor's office when he assumed office as such tax assessor. He testified that said tax book 3 purported to be the plat book of the years around 1900.

In our opinion, the trial court could properly determine from the evidence before it that this map was an ancient document and admissible, and that, therefore, the court did not err in admitting said map into evidence. See also, Sec. 393, Title 7, Code 1940.

Assignments of error 8 and 9 are based on the admission of testimony, over the objection of appellants, to the effect that the suit property was commonly spoken of in the community as belonging to the Town of Fruithurst. Assignment of error 3 complains of the refusal of the trial court to give a requested written charge, which reads as follows:

"*Charge No. 6.* The Court charges, you, gentlemen of the jury, that general reputation as to who owns the land, is not evidence to show plaintiff's title by prescription."

■■ We will discuss these assignments together. They are without merit, basically, on one theory. The contention of the appellants seems to be that prescription or adverse possession may not be shown by hearsay testimony. Ordinarily, this is true. However, in the case now before the court, the plaintiff is claiming title by virtue of the twenty-year statute of prescription. There is evidence tending to establish this claim by the appellee. It is understood that the existence of a fact cannot be proven by reputation or notoriety, yet where the fact is otherwise established, general notoriety in the neighborhood may be proved as competent evidence to charge a resident in such vicinity with knowledge of it. Tenn. Coal, Iron & Railroad Co. v. Linn, 123 Ala. 112, 26 So. 245; Kidd v. Browne, 200 Ala. 299, 76 So. 65; Montgomery v. Spears, 218 Ala. 160, 117 So. 753; 2 Ala.Dig., Adverse Possession ☞33, p. 258; 9 Ala.Dig., Evidence, ☞324(2), p. 263.

■ Our cases, the foregoing being only a few of them, have well established that one claiming under adverse possession or prescription, and having offered some evidence tending to prove the same, may prove that the land was known and spoken of in the community as belonging to him in order to prove the notoriety of his claim of ownership. Moreover, charge No. 6 tends to mislead the jury.

■ It is our conclusion that the trial court did not err in any of the matters set out in the assignments of error. Even so, it appears to us from the fact that this case has already been tried three times, each time resulting in a verdict for the plaintiff, any rulings by the trial court were without injurious effect upon the result of the trial and would not result in a reversal. Supreme Court Rule 45.

For the foregoing reasons, the judgment of the trial court should be affirmed.

Affirmed.

LAWSON, STAKELY and COLEMAN, JJ., concur.