265 So.2d 599

**E. W. RILEY**

v.

**Mrs. Scytha Jester BANKS.**

**7 Div. 922.**

Supreme Court of Alabama.

Aug. 10, 1972.

---

Prentiss M. Rainey, Springville, Richard
L. Taylor, Birmingham, for appellant.

Burttram & Williams, Birmingham, for
appellee.

HEFLIN, Chief Justice.

This appeal arises from an action in the nature of ejectment brought by appellant-plaintiff, E. W. Riley, against Mrs. Scytha Jester Banks, appellee-defendant, in the Circuit Court of St. Clair County, Alabama, Northern Division.

In the action below appellant-plaintiff Riley sought to recover possession of the NW ¼ of the NW ¼ of Section 1, Township 15 South, Range 2 East, and the NE ¼ of the NE ¼ of Section 2, Township 15 South, Range 2 East, both parcels lying north of the public road leading from St. Clair Springs to Ashville in St. Clair County, Alabama.

Verdict and judgment was rendered in favor of appellee-defendant Banks and appellant-plaintiff Riley perfected this appeal.

Appellant-plaintiff Riley places error in the failure of the trial court to give affirmative charges in his behalf, with and without hypothesis; in the refusal of the trial court to give certain other requested written charges; and in the overruling of an objection to the admission into evidence of a purported register's deed.

After carefully reviewing the record and the briefs of the respective parties, this court concludes that the trial court did not commit reversible error and the judgment of the trial court is due to be affirmed.

Appellant-plaintiff Riley contends that the trial court erred to a reversal in refusing to give his affirmative instructions duly requested in writing because his evidence clearly demonstrated a paramount title, and that appellee-defendant Banks' evidence wholly failed to meet the burden of overcoming the prima facie case made out by appellant-plaintiff Riley.

■ In considering this contention, this court must review the tendencies of the evidence in the light most favorable to appellee-defendant Banks without regard to any view this court may have as to the weight of the evidence; and must allow such reasonable inferences as could be drawn by the jury. Milford v. Tidwell, 276 Ala. 110, 159 So.2d 621; Commercial Union Fire Ins. Co. of New York v. Parvin, 279 Ala. 645, 189 So.2d 330; W. S. Fowler Rental Equipment Co. v. Skipper, 276 Ala. 593, 165 So.2d 375, and cases cited therein.

In Hale v. Brown, 211 Ala. 106, 110, 99 So. 645, 648, this court stated:

"The affirmative charge should not be given on any phase of disputed and material fact. When there is evidence reasonably affording an inference adverse to the right of recovery by the party asking the charge, or from which the jury might draw such adverse inference, such charge should not be given on request; and, in determining the propriety of affirmative instruction, the evidence against the party by whom such instruction is requested must be accepted as true. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135."

■ Viewing the evidence in this light, this court is clear to the conclusion that the trial court did not err in refusing to grant the affirmative charges. There was strong evidence from which the jury could infer that the appellee-defendant Banks exclusively, openly, notoriously, continuously and hostilely possessed the premises under a claim of right for the prescriptive period of twenty years or under color of title for the statutory period of ten years.

There was testimony that in 1937 appellee-defendant Banks and her husband received a deed from James R. Forman, Borden Burr and others; that they fenced the property in 1937 and kept up the fences continuously up to the date of the trial; that her husband was in the dairy business and that horses and dairy cattle grazed said lands for seventeen years; that her husband was also in the sawmill business and that timber was cut from said property in 1939, 1948 and 1953; that they assessed the property for taxes since 1938; that she allowed hunting upon the property; that she posted the land with "No Trespass" signs bearing her name for a long period of time; that a lake was dug on the property in 1952 and maintained; and that they had made a conveyance of a portion of said property to a religious association.

These acts of possession were verified by numerous witnesses. For example, Ocie Coley testified that he had lived in the area of the property all of his life; that he had known the appellee-defendant Banks since 1937 and knew that she had lived on the property since that year; that he worked for the Banks for 13 years; that the property was bounded all the way around with a fence and that he had cut the timber on the property for the Banks in 1939; and that they had dairy cattle on the lands during the period that he had worked for them.

The appellant-plaintiff Riley, on cross-examination, admitted that he had an argument with J. E. Banks, the husband of Mrs. Scytha Jester Banks, at the church site at a time which had to be before July 1945, concerning the ownership of the property. During the conversation Mr. Banks pulled a deed from his pocket and showed it to Mr. Riley and told him it was his property. This conversation took place at least 23 years before appellant-plaintiff Riley brought his ejectment suit. Such evidence could have been interpreted by the

jury as inferring that Mr. Riley had knowledge of the Banks' claim of ownership at such time.

█ It is not necessary for this court to consider other evidence of appellant-defendant Banks which would support her position that she proved a chain of title from the government as well as from a grantor in possession, since clearly the possessory issues were for the jury to determine. See Parrish v. Davis, 265 Ala. 522, 92 So.2d 897; Grice v. Taylor, 273 Ala. 591, 143 So.2d 447; Morris v. Yancey, 267 Ala. 657, 104 So.2d 553; and Ashford v. McKee, 183 Ala. 620, 62 So. 879.

Appellant-plaintiff Riley complains that the trial court erred in failing to give the following charge requested in writing by him:

"The Court charges the Jury that testimony that pulpwood or timber had been cut from the land in question from time to time that it was known by reputation as Defendant's land and that Defendant had grazed a few cattle on it from time to time did not rise to standard required to divest Plaintiff, who was record title holder of the land and upon consideration of all the evidence in the case you should return a verdict in favor of Plaintiff."

█ The refusal to give this charge was not error. Clearly, this charge assumes facts which were disputed, e. g., that the plaintiff was the record title holder of the land. An instruction assuming a material fact in controversy is erroneous and is properly refused. Reaves v. Maybank, 193 Ala. 614, 69 So. 137.

The trial court's refusal to give the following written unnumbered charges requested by the appellant-plaintiff Riley was assigned as error:

"The Court charges the Jury where claim to land is made on adverse possession, all presumptions and intendments are favorable to the title, and possessions are not presumed to be hostile thereto."

―――――――

"The Court charges the Jury that under the law possession follows the holder of legal title."

█ The trial court properly refused to give these two requested charges, since both were substantially and fairly covered by the trial court's oral charge to the jury. The refusal to give written charges, fully and substantially covered by the trial court's oral charge to the jury, is not reversible error. Walker v. Town of Fruithurst, 272 Ala. 141, 130 So.2d 12; Central of Georgia Ry. Co. v. Steed, 287 Ala. 64, 248 So.2d 110; Supreme Court Rules, rule 45; Title 7, Section 273, Code of Alabama, 1940.

█ Appellant-plaintiff Riley assigns as error the overruling of his objection to the introduction of a deed contained in a deed book from the probate office, which oral expressions of testimony indicated that it was probably a register's deed. However, this deed, and the recitals therein, are not in the transcript of the record. The propriety of the court's ruling in allowing the introduction of this deed is not reviewable since the deed is not set out in the record. James v. Laidlaw Contracting Company, 277 Ala. 143, 167 So.2d 711; Forest Investment Corp. v. Commercial Credit Corp., 271 Ala. 8, 122 So.2d 131; Hutto v. Stough & Hornsby, 157 Ala. 566, 47 So. 1031; Sloss-Sheffield Steel & Iron Co. v. House, 157 Ala. 663, 47 So. 572.

Affirmed.

COLEMAN, BLOODWORTH, MADDOX, and McCALL, JJ., concur.