This appeal is in an action by Grady C. Holt and others against Clara East Davidson for breach of a written construction contract and her counterclaim alleging his breach of the same contract. Holt appeals from judgment, entered upon jury verdict, in favor of Davidson on Holt's complaint and in favor of Holt on Davidson's counterclaim.
Holt says the trial court erred by not admitting parol evidence: to show modification of a written contract by subsequent oral agreements; to explain an ambiguity in the written instrument; to show the complete agreement between the parties; and, to show what it would cost to complete the construction, as a measure of damages. However, it should be noted that Holt's designation of less than the entire reporter's transcripts, as provided for in Rule 10 (b)(2), ARAP, states the issues he intended to present for review to be:
 "1. The trial courts [sic] sustaining Defendant's objections to Plaintiffs [sic] giving parol evidence in regards [to] the agreements between the parties.
 "2. The trial courts [sic] permitting the Defendant to give parol testimony in regards [to] the agreements between the parties over objection by the Plaintiff."
It should also be noted that Holt in designating the clerk's record did not designate any exhibits. The written contract is shown by the record to have been admitted in evidence as plaintiff's exhibit one but it is neither contained in the record nor made a part of the clerk's record by reference, placed in a suitable separate container, and transmitted to this court. See Rule 10 (b)(1), ARAP.
Whether the written contract was ambiguous was a question of law for the trial court. Miles College, Inc. v. Oliver,382 So.2d 510 (Ala. 1980). Obviously the trial court concluded the contract was unambiguous and further that it constituted the entire agreement between the parties. Otherwise the trial court would not have sustained objections to the questions put to Holt by his attorney concerning oral terms and conditions of an agreement between the parties. Review of the transcript of testimony in its entirety makes it clear that all rulings of the trial court concerning admissibility of evidence were in every respect correct. Moreover, we would in no event hold the trial court in error in connection with a ruling about a document before it which is not before us. See Riley v. Banks,289 Ala. 56, 265 So.2d 599 (1972).
Holt complains that Davidson was permitted to testify about oral understandings or agreements between the parties; therefore, he, Holt, should have been permitted to do the same. There is no justification for this complaint for the simple reason that no objections were made to Davidson's testimony in that regard whereas proper objections were sustained to Holt's attempts to testify about the same general subject matter. Error, if any, must be preserved by properly invoking adverse erroneous rulings of the trial court. It may not be urged here for the first time. Costarides v. Miller, 374 So.2d 1335 (Ala. 1979).
Finally, it is contended that the trial court erred when Holt was not allowed to show, as a measure of damages, what it would cost to complete the job (subject matter of the construction contract). Apparently, there has been less than a careful perusal of the reporter's transcript by Holt's counsel. At page 34 of that transcript we find testimony of Holt as follows:
 "Q And did you subsequently have your building repaired, fixed or put in whatever form you wanted it in? *Page 550 
"A Yes.
"Q And how was that done? Who did that?
 "A Well, I hired F M Construction Company to come in and correct the errors that had been made. The windows were not plumb, the door was not acceptable or usable.
 "MR. WILLIAMS: Your Honor, we object to this rattling off, unless Mr. Holt can testify that he is an experienced construction man, as to what the defects were. Now, I think if he wants to describe what they looked like, that's fine, but just a flat statement of whether it was out of plumb or wasn't correct, we object to that type, unless he can show he is an expert in the field.
"THE COURT: Okay. Bob, —
"Q Mr. Holt, tell us what was done, please.
 "A The windows were straightened up, the door was replaced, the walls were finished, the ceiling was put in, the tract lighting was put in. The showcase was made, the paper was put up. The other walls finished, painted.
"Q What was the cost to you for this?
"A Approximately thirteen thousand dollars.
 "Q Thirteen thousand one hundred eighty-three dollars be correct if that's —
"A That sounds correct."
For the reasons stated, the judgment below is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and SHORES, JJ., concur.