[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 974 
This is an appeal from a trial court order denying plaintiff's motion for a new trial. Plaintiff Ned C. Maffett, as administrator of the estate of his son, Albert Alonza Jordan, brought suit for his son's wrongful death while a passenger in an automobile driven by defendant Danny Ray Roberts.
Danny Roberts and Albert Jordan were friends and had worked together reroofing a house on April 13, 1978. Around 3:30 in the afternoon, Roberts drove Jordan and another high school student to Georgia, and each bought a six-pack of beer. They rode around talking and drinking beer. Around 5:30 they had supper at Danny Roberts's house. Roberts had a sandwich. By 7:30 they had finished the beer, but they continued to drive around and talk. Between *Page 975 
midnight and 1:00 a.m. Roberts took the third boy home and started to drive to Jordan's house. Roberts testified that at that time he was no longer intoxicated and was driving within the speed limit of 55 miles per hour. The car went off the side of the road, and Roberts lost control of it. It crossed a ditch, hit a cement post, flipped over and landed upside down against a telephone pole 400 feet from where it had left the road. Jordan was thrown from the car and killed. Roberts hit his head, had extensive and severe chemical burns from being soaked with gasoline and was temporarily hospitalized.
The accident was investigated by State Trooper Buford Bishop, who did not arrest Roberts for driving while intoxicated or for any other offense arising from his driving that evening. The next morning, Bishop requested Dr. John Campbell to take a blood sample from Roberts. Dr. Campbell asked for Roberts's consent and received it.
In May of 1979, Jordan's father, Ned Maffett, filed a complaint for wrongful death before Judge William Byrd in the Circuit Court of Randolph County, Alabama, alleging that Jordan died as a result of Roberts's wanton misconduct in speeding his car while intoxicated and demanding judgment for $250,000. Defendant filed two motions to suppress the evidence of the blood sample and test results, which were denied. At the trial, the jury found for the defendant. The plaintiff filed a motion for a new trial. The judge, in denying the motion, stated that:
 It is ordered that the motion for a new trial be and hereby is denied; however, in order that there be no presumption in favor of the trial court's ruling the following comment seems appropriate.
 Except for the scintilla rule, I would have directed a verdict on the liability for the plaintiff. It doesn't seem right for the nisi prius judge to overrule the jury in this case after instructing them they could find for either party. Perhaps someone at a distance can determine what is right.
The plaintiff appealed from the order denying his motion. He asserts that the trial court applied an improper legal standard in denying the motion; that the verdict was contrary to the great weight of the evidence; that the court erred in refusing to allow the plaintiff to introduce into evidence photographs of the car or of the scene; and that the court erred in permitting testimony by Trooper Bishop that no charges were brought against the defendant. We affirm.
We do not agree with the appellant that the trial judge applied the wrong standard of review in denying the motion for a new trial. The judge did not apply the scintilla rule to the motion for a new trial. He merely stated in the past tense that he had applied the rule in submitting the case to the jury. He was entirely correct in doing so. By the scintilla rule, a fact question must go to the jury if the evidence, or any reasonable inference arising therefrom, furnished the merest gleam, glimmer, spark, the smallest trace, or a scintilla of evidence in support of the theory of the complaint. Kilcrease v. Harris,288 Ala. 245, 259 So.2d 797 (1972). The trial judge in no way indicated that he was using the scintilla rule in denying the motion for a new trial. The rule is inapplicable when a court is ruling on a motion for a new trial. Hodges and Co. v.Albrecht, 288 Ala. 281, 259 So.2d 829 (1972). The appellant asserts that the trial court failed to perform its duty in reviewing the jury verdict. We disagree. The court reviewed the verdict and was unwilling to set it aside as against the great weight of the evidence.
We agree with the trial court's actions. We do not find that the verdict was contrary to the great weight of the evidence. We cannot say that the jury went beyond its prerogative in returning a verdict for the appellee. Jury verdicts are presumed correct, and no ground for a new trial is more carefully scrutinized or more rigidly limited than that a jury verdict is against the weight of the evidence. Dean v. Mayes,274 Ala. 88, 145 So.2d 439 (1962). When a trial court refuses to grant a motion for a new trial, the presumption that the jury verdict is correct is strengthened. Southern Apartments,Inc. v. Emmett, *Page 976 269 Ala. 584, 114 So.2d 453 (1972). When, as here, a trial court, by a clear statement in its denial of a motion for a new trial, denies any presumption in favor of its own ruling, it may diminish the traditional presumption in its favor, but it does not thereby abrogate the strong presumption in favor of the jury's verdict. Although this anomalous denial of the motion cannot be considered to strengthen or substantiate the presumption that the jury's verdict was correct, the underlying presumption in favor of the verdict remains strong.
In reviewing the verdict, we must view the evidence that was before the jury in a light most favorable to the appellees, without regard to any view which we might have as to the weight of the evidence. We must also allow such reasonable inferences as can be drawn by a jury. Riley v. Banks, 289 Ala. 56,265 So.2d 599 (1972). A jury's verdict, presumptively correct, mst not be set aside unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence is against the verdict and is so decidedly so as to clearly convince us that it is palpably wrong and manifestly unjust. Kilcrease v. Harris, supra. Johnson v. Louisville N.R. Co., 240 Ala. 219, 198 So. 350 (1940).
The issue of wantonness in this case was properly submitted to the jury. The jury was charged that, under the Alabama Guest Statute, Code of Ala. 1975, § 32-1-2, the defendant could only be liable for wilful or wanton injury to his gratuitous guest, nor for mere negligence. It was also charged that:
 Wantonness is the conscious doing of some act or omission of some duty under knowledge of the existing circumstances and conditions and conscious that from the doing of such act or omission of such duty an injury will likely or probably occur.
 Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he either consciously or intentionally did some wrongful act or consciously omitted some known duty which produced the injury.
 Now, an intent to injure is not necessary to constitute wantonness. . . .
 No person . . . shall drive at such a speed as to endanger the life, limb or property of any person or at more than 55 miles per hour. It is unlawful for a person to drive while intoxicated. If there was .10 or more by weight of alcohol in a person's blood, it shall be presumed that that person was intoxicated.
We are of the opinion that the evidence, and reasonable inferences therefrom, in this case are sufficient to substantiate the jury's verdict. Taking the tendencies of the evidence most favorable to the defendant, the jury could conclude that: (1) Roberts had drunk no more than six beers six hours before the accident and was not intoxicated at the time of the accident; (2) that he was driving within the speed limit of 55 miles per hour; and (3) that the accident was the result of defendant's negligence and not of his wanton misconduct. The motion for a new trial was properly denied.
The trial court did not err in refusing to allow plaintiff to introduce into evidence two photographs of the car and the scene of the accident. A photograph is relevant and admissible in order to explain and apply the evidence when it helps the jury to better understand the persons, objects, locale or conditions which are in issue. However, the application of this evidentiary rule is within the sound discretion of the trial court, both as to a photograph's initial identification and reliability and to its probative or prejudicial qualities. This discretion is not reviewable in the absence of a gross abuse of that discretion. Moon v. Nolen, 294 Ala. 454, 318 So.2d 690
(1975). The trial court's refusal to permit these photographs is not an abuse of discretion. The plaintiff had introduced two other photographs of the car and four photographs of the scene. The court was within its discretion in disallowing additional photographs of the scene.
The trial court did not err in permitting Trooper Bishop to testify on cross-examination by the defendant that no charges were brought against the defendant *Page 977 
as a result of the accident. The trial court had allowed the plaintiff to get into evidence the results of the blood test against the defendant's assertions that it was inadmissible under the statute unless the defendant was under arrest. We hold that it was not error to allow this evidence in view of the uncontradicted evidence that the defendant consented to the test. In this context, however, the court properly allowed the defendant, by way of cross-examination of the plaintiff's witness, Trooper Bishop, to elicit for the jury's consideration the fact that the defendant was not charged with driving while intoxicated.
Under the Alabama Chemical Test for Intoxication Act, Code of Ala. 1975, §§ 32-5-190 through -194, a driver who is "lawfully arrested for any offense arising out of acts alleged to have been committed while the person was driving a motor vehicle . . . while under the influence of intoxicating liquor," has impliedly given his consent to a chemical test of his blood, breath or urine. An arrest for one of the enumerated offenses furnishes the implied consent under the statute. Where, as here, the driver actually consents to the test, his arrest is not a condition precedent to its admissibility. Under §32-5-193, the results of a test which is "authorized by this division" are admissible at any civil or criminal trial arising out of the acts alleged to have been committed by that person at the time that the blood test was authorized. Under this section, if the results of the authorized test show that there was 0.10 per cent or more by weight of alcohol in the person's blood, it is presumed that the person was intoxicated. This statutory presumption, however, is a rebuttable one, and a jury is not compelled to find that the person was intoxicated even though the results show an alcohol level in excess of 0.10 per cent.
The trial court told the jury that the defendant had a right to argue that the lack of charges against him might have an inference as to whether or not he had committed a wrongful act. The court at the same time said that "they don't have to bring an action for the defendant to be guilty. . . . [T]he fact that [Trooper Bishop] didn't bring a charge doesn't mean that he didn't commit the crime. . . . Not the crime, the wrong." The instruction above was not reversible, prejudicial error as it did not probably injuriously affect substantial rights of the parties. The trial court clearly explained the purpose for which the testimony was introduced, and that the lack of charges did not mean lack of liability by the defendant. The trial court did not commit reversible error in admitting the testimony.
We affirm the judgment of the trial court.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.
JONES, J., concurs in the result.