FAULKNER, Justice.
The Harrises filed suit against the Ber-reys, seeking damages as a result of a rear-end collision. Mr. Berrey was dismissed and the jury returned a verdict for Mrs. Berrey, and the trial judge entered a judgment for them in accordance with the verdict. We affirm.
On March 17, 1978, Mrs. Dianne Harris was driving her automobile in a westerly direction on the Southern Bypass, Montgomery, Alabama. She was following a line of automobiles. Mrs. Berrey was behind her. Suddenly, the automobile ahead of Mrs. Harris stopped. She stopped, but Mrs. Berrey failed to stop in time, and rear-ended Mrs. Harris. Mrs. Berrey was moving at 20-25 miles per hour just before the collision.
The evidence presented to the jury was conflicting. Mrs. Harris testified that after she had stopped (because the cars ahead of her had stopped) she saw Mrs. Berrey in her rear-view mirror traveling toward her. Realizing that Mrs. Berrey was going to hit her, she pressed her foot on the brake, and, as expected, Mrs. Berrey rear-ended her. On the other hand, Mrs. Berrey said that the car in front (Harris) stopped so suddenly without any signal that there was not any way for her to avoid the accident. An investigating officer testified that it appeared to him that Mrs. Berrey was following too closely behind.
The trial judge charged the jury specifically on the law applicable to a motorist following another too closely, as well as the issues of negligence and contributory negligence. There was no objection to the charge by either party.
The Harrises present three principal issues on appeal: (1) whether the verdict is sustained by the great preponderance of the evidence; (2) whether the trial judge erred by charging the jury on contributory negligence, Mrs. Harris’s failure to give a signal before stopping, and by failing to instruct the jury that following too closely constitutes negligence per se; and, (3) whether the trial judge erred by striking Mrs. Harris’s child’s claim for loss of parental services of his mother.
First, this Court stated in the recent case of Maffett v. Roberts, [Ms. October 3, 1980] 388 So.2d 972 (Ala.1980), that,
In reviewing the verdict, we must view the evidence that was before the jury in a light most favorable to the appellees, without regard to any view which we might have as to the weight of the evidence. We must also allow such reasonable inferences as can be drawn by a jury. Riley v. Banks, 289 Ala. 56, 205 So.2d 599 (1972). A jury verdict, presumptively correct, must not be set aside unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence is against the verdict and is so decidedly so as to clearly convince us that it is palpably wrong and manifestly *986 injust. Kilcrease v. Harris, supra, Johnson v. Louisiana and N. R. Co., 240 Ala. 219, 198 So. 350 (1940).
After a review of the evidence, we opine that the preponderance of the evidence is not against the verdict. The most favorable evidence for the Harrises came from the policeman investigating the accident— that Mrs. Berrey was following too closely was his opinion. However, the physical facts surrounding the accident did not conclusively support his opinion. Moreover, the jury was fully and fairly instructed on this issue and was free to give whatever weight it desired to the officer’s opinion.
Second, the Harrises cannot now complain of anything stated by the trial judge in his charge to the jury. Rule 51, ARCP, provides that: “No party may assign as error the giving ... of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.”
Finally, because the principal case was decided against Mrs. Harris, the derivative actions must fail; otherwise there would be inconsistent verdicts. Lindsay v. Hackney, 283 Ala. 372, 217 So.2d 238 (1969).
AFFIRMED.
TORBERT, C. J., and ALMON, EMBRY and ADAMS, JJ., concur.