PATTERSON, Judge.
Calvin C. Binion appeals from a ruling by the Circuit Court of Montgomery County denying his motion to suppress the results of a blood alcohol test.
During the early morning hours of January 1, 1987, appellant was involved in an automobile accident in which his car collided with a State Capitol Police patrol car driven by Sargeant Dennis Larson. Both individuals were injured and were transported to the Baptist Medical Center emergency room. Lieutenant Cecil Foley of the State Capitol Police arrived shortly thereafter and instructed a nurse to obtain a blood sample from appellant, which she did. The sample was delivered to the Alabama Department of Forensic Sciences for testing, and it revealed a blood alcohol content of .11 percent. Subsequently, appellant was charged with driving under the influence of alcohol and was found guilty by the Municipal Court of the City of Montgomery. He appealed to the circuit court and moved to suppress the results of the blood alcohol test. After a hearing, the motion was denied. Appellant entered a plea of guilty and reserved the right to appeal the court’s ruling on the motion.
Appellant argues that the results of the blood alcohol test should have been suppressed because he was not arrested prior to the taking of the blood sample. We agree.
Alabama’s Implied Consent Statute, found at § 32-5-192, Code of Alabama 1975, provides, in pertinent part, as follows:
“(a) Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given his consent, subject to the provisions of this division, to a chemical test or tests of his blood, breath or urine for the purpose of determining the alcoholic content of his blood if lawfully arrested for any offense arising out of acts alleged to have been committed while the person was driving a motor vehicle on the public highways of this state while under the influence of intoxicating liquor.”
In Ex parte Love, 513 So.2d 24, 29 (Ala.1987), our supreme court held that “under the express terms of Alabama’s implied consent statute, any motorist on the public highways automatically gives his implied consent to a test of his blood, among other things, only if he is lawfully arrested.” (Emphasis in original.) The court also concluded that “the requirement of a lawful arrest in the Alabama ‘implied consent’ statute grants to the motorist in question a procedural right, and that the failure to accord that right renders the blood sample illegal for the purpose of its admission as evidence against the motorist who objects to its admission.” Id. at 30.
The record in the instant case does not reveal that appellant was arrested for any offense prior to the ordering of the blood sample by Lieutenant Foley. In fact, when asked “[D]o you know whether the defendant was under arrest at the time?” Lieutenant Foley stated, “to the best of my knowledge, he was not.”
The City of Montgomery argues that appellant was, at times, unconscious while in the emergency room and that, therefore, subsection (b) of the implied consent statute provided the authority for the taking of the blood sample. Subsection (b) of § 32-5-192 provides: “Any person who is dead, unconscious or who is otherwise in a condition rendering him incapable of refusal, shall be deemed not to have withdrawn the consent provided by subsection (a) of this section and the test or tests may be administered, subject to the provisions of this division.”
While we cannot conclude from the instant record exactly how long appellant’s lapses into unconsciousness lasted, it is clear that he was conscious at the scene of the accident and for much of the time that he spent in the emergency room. Subsection (b) provides the authority to conduct a blood test when the subject of the test is incapable of refusing to submit thereto; however, the instant record does not indicate that appellant was in such a condition. Therefore, subsection (b) is inapplicable to the present case. Moreover, assuming, arguendo, that appellant was unconscious the entire time, subsection (b) *76 would still be inapplicable, because there was no arrest prior to the drawing of the blood sample. Subsection (b) provides for the implied consent to continue when the subject of the test is unconscious; however, this does not dispense with the arrest requirement of subsection (a), as pronounced in Ex parte Love. Subsection (b) is squarely based upon the consent derived by the application of subsection (a), where the arrest requirement is found, and the subject’s unconsciousness does not eliminate this requirement.
The City of Montgomery also contends that the results of the blood test should be admitted because appellant actually consented to the taking of the blood sample. The city relies on Maffet v. Roberts, 388 So.2d 972, 977 (Ala.1980), for the proposition that “[wjhere ... the driver actually consents to the test, his arrest is not a condition precedent to its admissibility.” In Maffet, it is clear that the subject tested actually gave his consent to an alcohol test; however, we cannot conclude from the instant record that this appellant did so. On the contrary, he testified that he did not give his consent, and there was no testimony from Lieutenant Foley, the only other witness who testified at the suppression hearing, indicating that appellant consented. Therefore, this argument is without merit.
In light of the foregoing, we find that the results of the blood alcohol test should have been suppressed and that the trial court erred in denying appellant’s motion. Therefore, the judgment is due to be, and it is hereby, reversed, and the cause is remanded.
REVERSED AND REMANDED.
All Judges concur.